## SUPREME COURT.

### THE PEOPLE agt. ELIZABETH P. McCRANEY.

On removing an indictment from the oyer and terminer into the supreme court by *certiorari* under the Revised Statutes, it is necessary for the court below to make and file a *return* to the writ, before jurisdiction is acquired of the cause in the supreme court.

The court of sessions has no power to arraign a defendant on or receive a plea to an indictment for murder; and a legal issue in criminal as in civil cases is requisite before the court will entertain a motion to change the place of trial.

Motion to change the place of trial on an indictment for murder on the ground of undue excitement, denied without regard to the merits, where it did not appear from the motion papers, that a *return* had been made or filed to the writ of certiorari removing the case from the oyer and terminer to the supreme court, and where there was no issue joined, except by an arraignment and plea in the court of sessions.

*Broome Special Term, third Tuesday of April,* 1861.

MOTION by defendant to change place of trial from Otsego to Montgomery county, on the ground of undue excitement. The facts on which the decision is grounded are sufficiently stated in the opinion of the court.

L. L. BUNDY, *for defendant.*
E. COUNTRYMAN, *district attorney, for people.*

PARKER, Justice. I regret that this case, as presented by the papers on which this motion is made and resisted, stands in such position as to preclude its decision on the merits.

Two preliminary questions arise, one insisted upon by the counsel for the people on the argument, and the other not, either of which, in my judgment, presents an insuperable obstacle to the granting of the motion.

In the first place, in entering upon an examination of the case, I find myself met by the question, (not raised by the counsel for the people it is true,) whether, from the papers before the court, enough appears to show that this court

has possession of the case, so that it can make the order asked for by the defendant.

An indictment was found in the court of sessions of Otsego county, in February last, against the defendant, for murder, which after defendant had been arraigned in that court and pleaded not guilty to the indictment, was sent to the oyer and terminer. Subsequently a writ of *certiorari* was issued out of this court, the same having been duly allowed on the 6th of March, 1861, to remove the indictment into this court, which writ was in the language of the affidavit of the defendant's attorney, " duly filed in the clerk's office of Otsego county, on the 9th day of March, inst," a copy of the writ, tested and allowed on the 6th of March, 1861, returnable forthwith, and marked " filed March 9th, 1861," certified by the clerk of Otsego county, is prefixed to the affidavit.

This is all that is brought to the knowledge of the court respecting the writ or proceedings under it, since it was issued. There is nothing to show, or from which it can be inferred, that any return has been made to it. On the contrary, from the fact that no intimation of any such return appears in the papers upon either side, I infer that none has been, in fact made.

It is evident that this court has no jurisdiction of the case until the court below makes its return, sends here, as commanded by the writ, the " indictment, record and proceedings." Neither the issuing of the writ nor the filing of it with the clerk of this court, (even if that were done, which does not appear, for the clerk of Otsego county, is clerk of the oyer and terminer as well as of this court,) removes the indictment. Until the return to the writ by the court to which it is sent, the indictment remains in that court, and this court can make no order in regard to it, except to enforce obedience to the writ, and compel the making of the return, the sending of the indictment, &c., into this court.

If the fact of the return having been made were not thus jurisdictional, in the absence of any objection on the part of the counsel for the people, I should presume it to have been made. But before assuming jurisdiction over the indictment, I deem it the duty of the court itself, to be assured from the papers before it, that it has such jurisdiction and that it can make an effectual order in the premises. If no return has, in fact been made, an order changing the place of trial would be a nullity, and a trial in another county, in pursuance of it, such error as would be cause for setting aside any conviction which might be had upon it. It is very evident, therefore, that enough should appear in the papers before the court upon such a motion as this, to *show* jurisdiction to make the order asked for.

Another preliminary objection—one raised by the counsel for the people on the argument—exists in the fact that there is no issue yet joined upon the indictment. I am entirely satisfied that the court of sessions, at which the indictment was found had no jurisdiction to arraign the defendant, and receive her plea to the indictment. If it might do that, it must of necessity, have received whatever appropriate plea the defendant chose to put in, a plea of " guilty," as well as of " not guilty." But " a plea of guilty is the highest kind of conviction of which the case admits," ( 2 *Hale*, 225,) so that if the defendant had put in the plea of guilty, she would have been convicted in the court of sessions of the crime of murder, which is plainly beyond the jurisdiction of the court. ( 3 *R. S.*, 302, § 5, *sub.* 2, 5*th ed.*) The plea was a nullity, and no issue has been joined in the case.

This, under the practice of the court, as now established, in civil cases, would be a sufficient answer to the application, ( *Rule* 58, *supreme court rules of* 1858, *and cases thereunder cited*; 12 *How.*, 79,) and this motion is to be decided according to the practice in civil cases, both because of the above rule, and the implication of the statute. ( 3 *R. S.*,

1025, § 94, *5th ed.*) The reason of the rule applies quite as strongly in criminal as in civil cases. In this case for example, in order to give any effect whatever to the facts shown by the defendants affidavits, the court must *assume* that a plea of not guilty *will be* put in to the indictment— whether such plea will be put in or not, the court cannot know—so that, as the case now stands, the alleged excitement is immaterial and can be made material, only, by the joining of an issue of fact, upon which it may bear. It is, therefore, premature to make the motion before an issue shall have been joined in the case.

For the reasons above given, the motion must be denied, without any reference to the merits, which it would be out of place for me now to examine. The denial, will be of course, without prejudice to the defendant's right to renew it, when the present obstacles shall have been removed.

The clerk of Otsego county will enter the proper order.