KNAPP and others vs. HELLER, Town Clerk etc.

COMMON LAW CERTIORARI. *The writ discretionary. Decision of taxing officers not reversed on such writ, where substantial justice has been done.*

1. The granting of a common law *certiorari* rests within the sound discretion of the court; and where it appears that substantial justice was done by the action of taxing officers, which it is sought to reverse, the writ will be denied or quashed.

2. Thus, where the object of the writ is to reverse a decision of the board of review, raising illegally the valuation of plaintiffs' real property, if it appears that personal property of the plaintiffs was omitted from the assessment roll, more than sufficient to counterbalance any overvaluation of their real estate, the writ should be denied, or, where the facts appear after a return is made, should be quashed.

3. It makes no difference in such a case that the writ was sued out in the first instance to review the determination of the board as to the *personal* as well as the *real* property of the plaintiffs, and that the proceeding as to the *personal* property was dismissed with defendant's consent.

4. Nor does it make any difference that the failure to assess plaintiffs' personal property occurred without any fault on their part.

5. In the present case, this court, being satisfied from the evidence in the record, that personal property of the plaintiffs was omitted from the assessment, sufficient to counterbalance the excessive valuation illegally fixed upon their real estate, reverses the order of the circuit court setting aside the proceedings of the board of review in respect to the real estate, and directs that court to quash the writ and dismiss the case.

APPEAL from the Circuit Court for *Dunn* County.

The defendant appealed from an order of the court reversing, on a writ of *certiorari*, certain proceedings of the board of review of the town of Menomonee. The case is stated in the opinion.

*Finches, Lynde & Miller* and *Bundy & Macauley*, for appellant.

*H. A. Wilson, S. W. Hunt, F. J. McLean* and *A. J. Messenger* (with *P. L. Spooner*, of counsel), for respondents.

COLE, J. This is a common law *certiorari* brought to review the action of the town board of Menomonee in fixing the valuation of both personal and real property belonging to the plaintiffs in that town for the purposes of taxation. A motion was made to quash the writ on several grounds, only one of which do we deem it necessary to notice. It appears from the affidavits read in support of the motion to quash, that there was a large amount of personal property liable to taxation in that town which was not included in the assessment roll. And, on the hearing of the motion to quash, all proceedings in relation to the personal property belonging to the plaintiffs were discontinued, and the writ of *certiorari*, so far as it related to the personal property, was, with the consent of the defendant, dismissed. But the court ordered that so far as the writ related to real estate the motion to quash should be denied, and on the final hearing set aside the valuation of the board of review of the real estate. It is now claimed that the writ in respect to the real estate should have been quashed also, because it ap-

peared that the aggregate valuation of the personal property belonging to the plaintiffs which was liable to taxation in that town, was in fact placed enough below its true value to counterbalance any alleged overvaluation of the real estate, and that therefore no actual injustice had been done the plaintiffs by the action of the board of review. The writ, it is said, is not one of absolute right, but one resting in the sound discretion of the court; and when it appears that no equitable grounds exist for issuing the same, it should in these tax proceedings be dismissed. We think this position is sound and must be affirmed. It is admitted by the counsel for the plaintiffs that the writ is not one of absolute right, but that it is discretionary with the court to award it or not. And when it is granted to review the acts and proceedings of taxing officers, it would seem to be very proper for the court to inquire, in the exercise of a sound legal discretion, whether the rights of the parties suing out the writ have been injuriously affected by the informality or error complained of, and whether the ends of justice require the interference of the court in this manner. If, for instance, the evidence shows that the personal property omitted from the assessment roll more than counterbalances any alleged overvaluation of the real estate, then it is very evident that no injustice will be done by permitting the valuation of the board of review to stand, since the plaintiffs will pay no more taxes in the aggregate than in equity they ought to pay. Of course, if the plaintiffs had a right to prosecute this writ *ex debito justitiæ*, these inquiries could have no influence in deciding whether the writ should be quashed. We should then have to consider the case as one brought before us by writ of error, and pronounce judgment without regard to these considerations. But it seems to us it is quite analogous to a proceeding in equity to set aside a tax, where the court inquires whether any injustice has been done, and whether there is any equitable ground for interference. If there is not, the court will decline to interfere in the matter. And substantially the same rule

should be applied on a common law writ of *certiorari* to review the proceedings of taxing officers. Even though an error has been committed, yet if it appears that no injustice has been done, and that a party will pay no more taxes than in equity he ought to pay, the court should quash the proceedings. This view derives more or less support from the following authorities: *The People v. Supervisors of Alleghany*, 15 Wend., 198; *The People v. The Mayor etc. of New York*, 2 Hill, 10; *In the matter of Mount Morris Square*, id., 14; *The People v. Stilwell*, 19 N. Y., 531; *Cobb v. Lucas*, 15 Pick., 1; *Rutland v. County Commissioners of Worcester*, 20 id., 71; *In re Lantis*, 9 Mich., 324. And we also think we ought to exercise a discretion, even after a return made or on motion to quash under our practice, and "examine all the circumstances, and if we find substantial justice has been done," dismiss the proceedings.

Upon considering the case upon the merits, we find that the plaintiffs claim that there was an overvaluation of their real estate to the amount of $102,708. We are satisfied from the evidence that there was no such excess in the valuation as claimed by them. We do not think that it exceeded the amount of personal property liable to taxation in the town of Menomonee which the testimony shows was not included in the assessment roll. It is not necessary to presume that this large amount of personal property was fraudulently concealed by them from the knowledge of the assessor. It is sufficient to establish the fact that it was not listed for taxation by the plaintiffs, and was not included within the assessment roll. And if the amount of personal property omitted from the roll was sufficient to balance any excess in the valuation of the real estate, then substantial justice has been done, and the action of the board of review should be affirmed, even though they proceeded upon an incorrect rule in the valuation of the real estate. Of course it makes no difference that the proceeding relating to the personal property has been discontinued. The

plaintiffs cannot have the advantage of this writ to set aside the action of the board relating to the real estate for error or mistake on their part, and still avoid the payment of taxes on the personal property omitted from the assessment roll. The same order should be made as though there had been no discontinuance concerning the valuation of the personal property.

*By the Court.*— The order of the circuit court, reversing and setting aside the proceedings of the board of review in respect to the real estate mentioned in the writ, is hereby reversed, and the cause remanded with directions to quash the writ and dismiss the cause.