## McKay et al. vs. Jones et al.

1. CERTIORARI:

   So long as the Circuit Court acts within its jurisdictional limits this Court has no power to control its judgment by certiorari.

2. —— *Proceedings necessary to give the Circuit Court jurisdiction in.*

   It is essential to the jurisdiction of the Circuit Court in a proceeding by certiorari that the writ issue and be returned with a transcript of the proceeding sought to be quashed unless the writ and return are waived.

WRIT of Certiorari to *Randolph* Circuit Court.

Hon. JOHN McCOY, Special Judge.

*Brown & Ford*, for petitioner.

Certiorari is the correct and only remedy.

McKay & Fisher were not proper parties in the cause below, neither could have appealed.

This case distinguished from *Allston ex parte*, 17 Ark., and *McKay* v. *Jackson*, 21 Ark.; *Redmond* v. *Anderson*, 18 Ark.

No transcript from the County Court was filed. The Circuit Court had no jurisdiction. *Dicus* v. *Bright*, 23 Ark., 107.

*Rose*, for defendants.

The defendants below were duly summoned and appeared, the judgment cannot be void. Gantt's Digest sec. 4739 ; *Allston ex parte,* 17 Ark., 580 ; *McKay* v. *County Court,* 21 Ib.

The failure to issue and return the certiorari might be waived. *Rightor* v. *Gray,* 23 Ark., 228.

WALKER, J. :

The record of the proceedings and judgment of the Randolph Circuit Court has been brought before us, in obedience to a writ of certiorari, issued by order of one of the judges of this court, from which it appears that a petition was presented to the judge of the Circuit Court of Randolph county, praying for a writ of certiorari, to be issued to the clerk of the County Court of said county, requiring him to certify and return to said Circuit Court the records, proceedings and orders of the County Court of said county, which related to the contracting for the building of a court house in said county.

The prayer of the petition was granted, and an order was made by the judge of the Circuit Court in chambers, that, upon the filing of the petition and order in the Circuit Court of Randolph county, the clerk of said court issue a writ of certiorari, directed to the clerk of the County Court of said county, commanding him to certify a full and perfect transcript of the records and proceedings had in that case in the County Court to the Circuit Court of said county, and that a writ of supersedeas be issued, restraining said court from issuing the county bonds mentioned in the petition, until the further order of the Circuit Court. And also that said clerk issue a summons to the sheriff of Randolph county, commanding him to summon the defendant to appear in the Circuit Court, at the next term of the court, and show cause why the proceedings in the County Court should not be quashed.

This order of the Circuit Court appears to have been made at chambers, on the 12th of August, 1872, and at the May term of the Circuit Court, 1873, the case appears to have been docketed and continued until the September term of said court, at which term one of the defendants, Fisher, appeared by attorney and suggested that he had resigned as commissioner, and filed a motion in abatement of the action as to him.

No disposition appears to have been made of this motion. The case was continued until the November term, 1874, of said court, at which term a special judge was elected to try this and other causes in which the regular judge was disqualified, and, at a subsequent day of the term of the court, the case came on to be heard, and, after an order of abatement as to several of the plaintiffs on account of death, the record entry is as follows: This cause came on to be heard, and it appearing to the court that the defendants have been duly summoned according to law, and have been duly served with a copy of the supersedeas, and failing to answer as required by law, it is, therefore, adjudged and decreed by the court, * * after due inspection of the records and proceedings of the County Court in relation to the building of said court house, that they were and are wholly illegal and without authority of law, and are absolutely void; and that each and every order made by said court in relation thereto, and all the proceedings of said court in relation to the making and letting said contract for the building of said court house, were wholly illegal and void, and that the same be quashed, annulled and set aside, and the order suspending such proceedings be made perpetual, and for cost. This is the substantial part of the judgment of the court; the long and unnecesary recitals we omit.

Under the restricted jurisdiction and powers of the court in proceedings by certiorari, our investigation is confined to the state of case presented by the record brought before us.

McKay et al vs. Jones et al.

Was the case before the Circuit Court a subject matter over which it had jurisdiction? and was it so brought before that court as to enable it to exercise such jurisdiction? and whether or not such jurisdiction had been exercised according to law? If such was the case, then our superintending control over the judgment of the Circuit Court has nothing upon which to act, because, whether the judgment of such court is right or wrong, we have no power to control it, so long as it keeps within its appropriate jurisdiction. Its conclusion and judgment upon the facts of the case, and the law applicable to it, can only be questioned or corrected by appeal.

Under the provisions of our Constitution and laws, the Circuit Court has a superintending control over the inferior courts, and in this instance was properly exercised by the circuit judge, who ordered that a writ of certiorari be issued to have the records of the County Court brought before the Circuit Court for its adjudication. The petition, with a copy of the records of the County Court as an exhibit, with the order of the judge of the Circuit Court in chambers, appears to have been placed on the files of the Circuit Court, and the case docketed, called and continued for several terms, and, although not endorsed filed by the clerk of that court, we may presume was, in fact, filed.

But it does not appear that any writ of certiorari was ever issued by the clerk of the Circuit Court, or served upon the clerk of the County Court, or that any copy of the records and proceedings of the County Court was ever filed or brought before the Circuit Court. The copy of the records of the County Court, found in the transcript of the records before us, is that attached to the petition for certiorari. It is to be presumed that when the Circuit Court record states that the court, after an inspection of the records of the County Court, found them void and ordered them quashed, it was on inspection of the copy of the records filed as an exhibit.

In order to give the Circuit Court jurisdiction of the case, it was necessary, not alone that the subject matter was one within the jurisdiction of the court, but it was also necessary that the subject matter be properly brought before it.

The purpose of the petition, with its exhibits, was accomplished when the order for a certiorari and supersedeas was granted. They were directed to be filed in the clerk's office, as an incipient step to getting a case by certiorari before the court. It was necessary that the writ be issued and returned with a transcript of the records of the County Court in that case, in order to give the Circuit Court jurisdiction of the case, and to enable it to pass upon the validity of the proceedings and judgment of the County Court, and to quash or affirm.

In the case of *Derton* v. *Boyd*, 21 Ark., 264, a writ of certiorari was ordered, but not issued, and returned with the transcript of the records as required by law. It was held that there was nothing before the Circuit Court for adjudication. See also *Dicus* v. *Bright*, 23d Ark., 107.

The greatest extent to which we have gone in sustaining the jurisdiction of the Circuit Court in cases of certiorari has been to permit the parties, by consent, to waive the necessity of a writ and try the case upon a transcript filed. *Rightor* v. *Gray*, 23 Ark., 228.

In this case there is no writ, no transcript filed, and no consent to waive them. And we must hold that the Circuit Court did not acquire jurisdiction of the case, and could render no judgment in it, and, as a consequence, that the judgment of the Randolph Circuit Court must be set aside and quashed, and the cause remanded to the Circuit Court, with leave to the plaintiffs to have a certiorari issued in accordance with the order of the judge in chambers, with supersedeas (unless one has been issued) to bring up the records of the County Court in said case to the Circuit Court, in obedience to the command of such writ for adjudication in that court.