MARSHALL, adm'r, ET AL., VS. RAMSAUER.

CERTIORARI: *Proceedings on.*
Where a writ of certiorari is ordered by the court, the record must show that the writ was issued, and a record of the proceedings desired to be reviewed, certified to the court, in obedience to it.

APPEAL from *Arkansas* Circuit Court.

Hon. P. C. DOOLEY, Circuit Judge.

*S. R. Cockrell,* for appellants.

The notice for application to sell lands is notice to the world. Gantt's Digest, 176, 4031, *et seq.* Ramsauer should have made

Marshall, adm'r, et al vs. Ramsauer.

himself a party; *Marr, ex parte,* 12 Ark., 84. Might have been corrected on appeal, and so certiorari will not lie. *Allston, ex parte,* 17 Ark., 580.

As to parties. See Gantt's Digest, sec. 4417.

Proceedings legal. See " Chapters of the Digest," secs. 10, 23, 29, with Gantt's Digest, sec. 1178.

Confirmation cures. Rorer. on Judicial Sales, sec. 122. Reversal would not affect purchaser's title. *Moore* v. *Neil,* 39 Ill., 256 ; 36 ib., 315 ; 28 ib., 108 ; *Estes* v. *Booth,* 20 Ark., 583 ; 5 Monroe, 452 ; 29 Mo., 315 ; 10 Peters (U. S.), 473 ; 1 Cowen, 734.

Further as to notice. *Reddick* v. *State,* 27 Ill., 145 , *Taurmerman* v. *Phelps,* ib., 496 ; *Banks* v. *Banks,* 31 ib., 162 ; Rose's Digest, p. 129, sec. 35.

*L. A. and X. J. Pindall,* for appellees.

The record discloses errors in the Probate Court. *First*— Want of notice of the petition to sell. Sec. 176, Gantt's Digest, not repealed by act of July 14, 1868. No day is stated for the presentation. Section 170 was not complied with; nor 171. Other errors and informalities are shown.

This is a direct proceeding to quash and set aside the proceedings of the Probate Court. *Sturdy* v. *Jacoway,* 19 Ark., 499.

Purchaser was one of the appraisers. *Cornell* v. *Crawford Co.,* 6 Eng., 604. Petitioners had no notice nor opportunity to appear. Section 690, Civil Code, governs advertisements of real estate, and section 80, as amended in 1871, governs notice of application.

WALKER, J.:

This case comes before us on an appeal from the judgment of the Arkansas Circuit Court, in which, upon certiorari to the Probate Court of said county, an administrator's sale of land belonging to the estate of his intestate, was quashed and set aside.

By reference to the transcript before us, it appears that, although the Circuit Court granted the writ, and ordered that one should be issued, directed to the clerk of the Probate Court, in fact, no writ was issued or returned. There is, however, a transcript of the record of the Probate Court copied in the records brought before us, and upon which it may be presumed the Circuit Court acted. This transcript has appended to it the certificate of the clerk of the Circuit Court, and *ex officio* clerk of the Probate Court, that it is a full and complete transcript of the records and proceedings in that case in the Probate Court, but does not state that he makes this transcript in obedience to the command of a writ of certiorari, or why moved to do so. This transcript does not appear to have been filed.

Under this state of case, as a preliminary question, we must determine whether the records of the Probate Court were or not properly before the Circuit Court. We have several decisions upon this question to which we should refer, and which, to some extent, settle this question.

In the case of *McKay* v. *Jones et al.*, decided at the present term of this court, we held, that in order to give the Circuit Court jurisdiction of a case intended to be brought by certiorari from the Probate Court to the Circuit Court, it was not sufficient to show that the judge in vacation, or the court, if in session, had ordered that a certiorari be issued to the clerk of the Probate Court, commanding him to certify the records of the Probate Court to the Circuit Court. But it must also appear that a writ of certiorari had, in fact, issued, in obedience to which the transcript had been certified, in order to give the Circuit Court jurisdiction of the case, and to enable it to pass upon the validity of the proceedings and judgment of the Probate Court.

In the case of *Denton* v. *Boyd*, 21 Ark., 264, a writ of certiorari was ordered, but not issued and returned with a transcript

of the record as required. It was held that there was nothing before the Circuit Court for its adjudication.

In the case of *Dicus* v. *Bright*, 23 Ark., 107, it was held, that on certiorari to remove a judgment of a justice of the peace into the Circuit Court for review, the case is not properly before the court for final adjudication until, in obedience to the writ, the justice returns an authenticated transcript of the proceedings and judgment sought to be reviewed.

In the case before us, so far as appears from the transcript before us, no writ has been issued, and, of course, no return. The transcript which has been copied and sent up to this court does not even appear to have been filed, and is, in fact, no part of the records in the case. Until the records sought to be set aside and quashed are brought before the court in obedience to the writ, there is no case before it.

We must, therefore, hold that the judgment and proceedings of the Circuit Court were erroneous, and must be reversed and set aside with costs, and the cause remanded, with. leave to the appellee to have a certiorari issued in accordance with the order of court, or, upon failure to do so, that the suit be dismissed.