THE STATE EX REL. GIROUX, Respondent, vs. LIEN, City Clerk, Appellant.

*November 9 — November 29, 1901.*

Certiorari: *Return: Waiver: Taxation: Board of review: Changing assessor's valuation: Oral evidence necessary.*

1. On *certiorari* the court acts upon the record of the inferior court or tribunal whose action it is sought to review, and therefore should not pass judgment until the record is brought before it by a return.
2. The city clerk, being merely a nominal party to an action of *certiorari* to review proceedings of the board of review, cannot waive the making of a return or stipulate that the statements of the relation or writ may be taken as true.
3. Where a person makes no sworn statement to an assessor as to the value of his personal property, the value placed thereon by the assessor is *prima facie* correct and cannot be changed by the board of review except upon evidence.
4. Under sec. 1061, Stats. 1898, the board of review can act only upon oral evidence in changing valuations, and cannot consider *ex parte* affidavits.

APPEAL from a judgment of the circuit court for Jackson county: JAMES O'NEILL, Circuit Judge. *Reversed.*

This is an action of *certiorari* to review the action of the board of review of the city of Black River Falls for the year 1900. It appeared by the allegations of the writ that the assessor of the city of Black River Falls for the year 1900 placed upon the tax roll of the city for that year, as the valuation of the personal property of the defendant, the sum of $3,000, the same being assessed for "moneys, mortgages, accounts, credits, bonds, notes, and other securities;" that on the 11th of July, 1900, the relator swore to and gave to the assessor a verified statement of his personal property subject to taxation, the same being upon the usual personal property blank furnished by assessors to taxpayers, and that upon said blank all the items were carried out by the rela-

tor by the word "none," and that said statement was there-
upon filed with the board of review; that on the 13th of
July, 1900, the relator appeared personally before the board
of review and objected to the assessment of $3,000 against
him, and requested the board to strike the same from the
roll, and at the same time filed an affidavit with the board
containing the said objection, and stating that he was not
the owner of any property in the city and that the state-
ment made by him to the assessor in his affidavit was true
in all respects; that no further evidence was given on the
subject before the board, nor did the board receive or con-
sider any further evidence, but that said board ignored the
relator's objection, and retained the assessment of $3,000
upon the roll.

Upon this relation a writ was allowed and issued to the
appellant, who was the city clerk of the city of Black River
Falls, and the appellant appeared and moved to quash the
writ for the reasons (1) that the same was irregular and in-
sufficient; (2) that it did not state facts sufficient to entitle
the relator to any relief; and (3) that it appeared upon the
face of the writ that the assessment complained of was reg-
ularly and properly made. This motion was heard by the
court and denied. No return was made to the writ, but the
court immediately proceeded to judgment. The judgment
recites the making of the motion to quash, and proceeds,
"respondent having moved to quash said writ, and not de-
siring further to answer, and a trial having been had, and
the court after examining all the papers herein, and after
hearing the arguments of counsel, and having fully con-
sidered the same, and being advised in the premises, it is
hereby ordered and adjudged that the said motion of the
respondent to quash the writ of *certiorari* be, and the same
is hereby, denied." The judgment then proceeds to recite
that it appeared to the satisfaction of the court that the as-
sessment complained of was erroneous and unauthorized and

void in law, and adjudges that the same be set aside and vacated, with costs. From this judgment the city clerk appeals to this court.

*Carl C. Pope*, for the appellant.

For the respondent there was a brief by *Lamb, Richmond & Lamb*, and oral argument by *T. C. Richmond*.

Winslow, J.   In this action of *certiorari* the trial court, with no return before it, reversed the action of the board of review of Black River Falls.   The writ of *certiorari*, when used as a substantive remedy, is issued for the purpose of removing into court the record of some proceeding had before an inferior court or tribunal, in order that upon inspection of such record the action taken by the inferior court or tribunal may be judicially reviewed.   Black, Law Dict. tit. "Certiorari."   The court acts upon the record brought before it, and either reverses or affirms the action below, and the only way in which it obtains such record is by way of the return.   Logically it cannot pass judgment upon the record until the record is brought before it by means of the return, and such is the holding of the authorities.   *Walker v. District of Columbia*, 6 Mackey, 352; *McManus v. McDonough*, 4 Ill. App. 180; *People v. McCraney*, 21 How. Pr. 149.

It is said, however, that the necessity of a return may be waived by the parties, and that in the present case it appears by the recital in the judgment that the respondent clerk did not desire to answer, and hence that the court was justified in proceeding without a return.   The real parties in interest to a legal proceeding may waive many formalities and legal requirements, but in the present case it is manifest that the city clerk, who was a mere formal party, because he was custodian of the record attacked, could waive nothing. The city was the real party in interest on one side, and the taxpayer on the other; and the city has never waived the

necessity of a return, nor stipulated that the statements of
the relation or writ may be taken as true. The case of
*Rightor v. Gray*, 23 Ark. 228, is relied on by the respondent
in this court as authority for the proposition that the neces-
sity of a return may be waived. The case, however, is not.
authority for the proposition that a mere nominal party,.
who is simply the custodian of the record, may waive the
necessity of a return. In that case the petition for the writ.
was accompanied by a transcript of the record, and the real
parties in interest appeared and stipulated that the transcript.
attached to the petition should be the return, and waived
the issuance of the writ and the making of a formal return.
On this state of facts the court said that, although this was
irregular practice, the court perhaps acquired jurisdiction
of the subject matter thereby. The case is not authority for
the course pursued here.

These well-established principles necessitate a reversal of
the judgment upon the merits, and the question then arises.
whether the writ should not have been quashed.

The board of review is required by law to meet on the
last Monday in June, and the assessor then lays before the
board the assessment roll, and all sworn statements as to
personal property received by him. Secs. 1060, 1061, Stats.
1898. It appears from the writ that the petitioner did not.
make any sworn statement of personal property to the as-
sessor while the assessment roll was in his hands, because
his sworn statement was not verified until July 11th — long-
after the board of review had commenced their sessions. It.
also appears that when the roll was placed before the board
the item of $3,000, as the valuation of the petitioner's per-
sonal property, was already upon it. This was then *prima
facie* the correct valuation, and could not be changed ex-
cept upon evidence. Sec. 1061, Stats. 1898; *State ex rel.
Giroux v. Lien*, 108 Wis. 318.

The appellant contends that the affidavits set forth in the

writ were not "evidence," within the meaning of the stat-
ute, while the respondent contends that, having been re-
ceived by the board of review without objection, they should
be considered as evidence. This question is the only one
left in the case, and we are not aware that it has been di-
rectly passed upon, although there are a number of intima-
tions in the reported cases that "evidence" in sec. 1061
means oral evidence. Thus, in *Shove v. Manitowoc*, 57 Wis.
5, it is said:

"Thus it appears that the board of review were author-
ized to increase or lessen the assessment only upon being
satisfied from the evidence taken that it was too high or too
low. It presupposed a hearing and the examination of some
witness or witnesses under oath."

In *State ex rel. Smith v. Gaylord*, 73 Wis. 306, it is said:
"The board must act and so decide upon evidence taken be-
fore them." Possibly these intimations in cases where the
question is not raised are not of great weight, but, turning
to sec. 1061 itself, we think it will bear no other construc-
tion. By the terms of the section the board of review are
required "to *hear and examine* any person or persons upon
oath who shall appear before them;" any person who thinks
his property has been assessed too high "may appear and
state to the board under oath" the true value of his prop-
erty; "any person claiming any correction in the assessment
roll may *call witnesses* to support the same . . . and the
*attendance of witnesses* may be compelled by subpoena;" the
board may lower or raise the assessor's valuation when sat-
isfied "from the *evidence taken*" that it is too high or too
low; and finally the clerk of the board is required to "re-
duce to writing and preserve the examination and state-
ments of every person and witness taken by the board." We
think there can be no doubt, from the wording of the sec-
tion, that it contemplates oral evidence as the only thing
upon which the board can act in raising or lowering valua-
tions. One has only to reflect upon the elusive and unsat-

isfactory character of an affidavit,— the ease with which in skilful hands it may be made to speak partial truth and mislead the keenest intellect, while stating nothing that is actually untrue,— and then to consider how easily a rigid oral cross-examination would shatter such devices, to be satisfied that the requirement that the testimony taken by the board should be oral is an eminently wise one. Such being the requirement, it is evident that the board cannot waive it, and hence that there was no "evidence" before them upon which they were authorized to change the assessor's valuation.

*By the Court.*— Judgment reversed, and action remanded with directions to quash the writ of *certiorari.*