STATE EX REL. JOHN R. DAVIS LUMBER COMPANY, Appellant, vs. SACKETT, City Clerk, Respondent.

*March 27—April 17, 1903.*

*Taxation: Assessment: Board of review: Increasing valuation: Notice: Jurisdiction: Certiorari: Right to writ: Presumption of injustice: Evidence: Pleading: Reduction of assessments of third persons.*

1. Where a board of review commits jurisdictional error in increasing the valuation of property, injustice to the owner is presumed, in the absence of any showing to the contrary in the record of the proceedings of the board; and upon a proceeding by *certiorari* to challenge the assessment, if there is no affirmative showing that substantial justice has been done, it is error to quash the writ upon the ground that the petitioner has not shown injustice.

2. A board of review has no jurisdiction to change the assessor's valuation except upon evidence reasonably warranting the change.

3. The assessor placed on the roll as property of the relator 10,000,000 feet of saw logs, log scale, valued at $5 per thousand. Relator's bookkeeper testified in detail before the board of review that there were on hand on May 1st, 10,244,167 feet of saw logs, log scale, which would make about 13,000,000 feet, mill run, of manufactured products. Other witnesses testified that

the amount so on hand would not exceed 10,500,000 feet, log scale. On such evidence alone the board increased the assessment to 13,500,000 feet at $5 per thousand. *Held*, that in so doing the board exceeded its jurisdiction.

4. Under sec. 1061, Stats. 1898, notice to the property owner of an intention to increase his assessment is a condition precedent to the power of the board of review to do so, and the disregard of that statute is jurisdictional error.

5. A sawmill property, including several parcels of land, was assessed as an entirety at $41,275. The only evidence before the board of review was that the buildings and machinery were insured for $35,000, and that the insurance companies required such property to be insured up to its full value. The board increased the valuation $13,050. *Held*, that in thus acting without evidence the board exceeded its power.

6. In a petition for a writ of *certiorari* to review the action of a board of review in increasing relator's assessments, it was proper, in order to show that the board acted inequitably, to include a statement that, without evidence justifying it, the board reduced the valuation of property of third persons.

APPEAL from a judgment of the circuit court for Pierce county: JOHN K. PARISH, Circuit Judge. *Reversed.*

The assessor for the city of Phillips, Price county, Wisconsin, for the year 1902, in the regular performance of his duties as such, placed upon his tax roll as property of the appellant subject to taxation in said city for such year 10,000,000 feet of saw logs, log scale, valued at $5 per thousand feet; and under the head of "Value of all other property except such as is exempt from taxation," $3,000; and several parcels of land constituting, together with the improvements thereon, a sawmill property at a valuation of $41,275. On the 4th and 5th days of August after such assessment was made, proceedings were had by the persons constituting the board of review for such city, while acting as such board, as follows:

On the first day named, the board being in session and the question of whether the amount assessed against appellant for saw logs on hand May 1, 1902, was too low being up for consideration, Fred Riley testified that he was the book-

keeper for the *John R. Davis Lumber Company*, was familiar
with its business, and to the best of his knowledge the com-
pany had on hand May 1, 1902, 10,244,167 feet of saw logs,
log scale, and that the same, on the basis of what had been
done up to the time the witness testified, would be sufficient
to make 13,000,000 feet, mill run, of manufactured products.
Testimony was given by John R. Davis that the amount of
logs on hand May 1, 1902, would not exceed 10,500,000 feet.
There was testimony by B. J. Nutter to the same effect.
The witness Riley gave the amount of logs of the various
kinds on hand May 1, 1902, in detail. The evidence of all
the witnesses indicated that in giving the amount of logs
they referred to the log scale thereof, and not to the amount
of manufactured products that could be made therefrom.
Upon such evidence alone the board raised appellant's assess-
ment on logs to 13,500,000 feet, increasing the assessed val-
uation of that kind of property by $17,500.

On the same day testimony was given before the board in
respect to the assessable valuation of the mill plant as fol-
lows: Mr. N. E. Lane testified that the sawmill property, by
a rule of insurance companies, was carried at the full value,
but that he was unable to say whether the *John R. Davis
Lumber Company* sawmill was insured at full value or not.
There was an affidavit, filed by appellant's bookkeeper, to
the effect that the sawmill proper, dry kiln, machinery,
tools, equipment and supplies of every kind, were insured in
the whole for $35,000, the same being the full amount that
insurance companies would insure such property for. At-
tached to the affidavit was an insurance policy corroborating
the statements made as aforesaid. There was a further affi-
davit filed by the bookkeeper to the effect that the sawmill
plant and a considerable amount of other property had re-
cently changed hands at a consideration of $50,000. The
board adjourned from August 4th till the next day without
taking any further action in respect to appellant's property.

It convened pursuant to the adjournment, .and without any notice to appellant, or any evidence or information whatever on the subject except the word of the assessor that he had inadvertently omitted personal property of the value of $5,000 which should have been assessed to the *John R. Davis Lumber Company,* the item of $3,000 under the. head of "All other personal property except such as is exempt from taxation," assessed to appellant, was raised to $8,000. At the same time, and without any notice to appellant of intention so to do, or any evidence before the board except that heretofore referred to, the valuation of appellant's mill property was increased to the amount of $13,050.

A writ of *certiorari* was sued out to bring before the circuit court for Price county for examination the proceedings of the board of review detailed, also further proceedings of the board on August 5, 1902, appearing upon the record thereof, reducing the assessed valuation of the property of third persons, without evidence to base such action upon. Due return was made to the writ, showing a record as above indicated. Respondent moved the court upon the return and the petition for the writ, to quash the proceedings for want of equity as to the *John R. Davis Lumber Company's* property, and as to the property of third persons because the relator had no standing in court to impeach the validity of the assessment thereof. The motion was granted and judgment was rendered accordingly.

*A. W. Sanborn,* for the appellant.

*M. Barry,* for the respondent.

MARSHALL, J. It appears that the learned trial court quashed the writ of *certiorari* as to appellant's property wholly upon the ground that the petition therefor and the return did not disclose any injustice to the relator. There was no question but that the writ was seasonably applied for, so there was no reason for quashing it upon principles of estop-

pel *in pais,* as in *State ex rel. Schintgen v. La Crosse,* 101
Wis. 208, 77 N. W. 167. There was no affirmative showing
in the record of the proceedings of the board that appellant
had property subject to taxation warranting an increase of
the value assessed to it, as in *Knapp v. Heller,* 32 Wis. 467,
and similar cases. How the learned circuit judge came to
the conclusion that upon principles of equity it was proper
to quash the writ we are unable to understand, except it be
for the reason suggested on the oral argument, that there was
no affirmative showing by the relator that the value of the
property assessed to it was more than the value of its prop-
erty subject to taxation, and that it was permissible for the
court to deny the use of the remedy by writ of *certiorari* in
the absence of such showing. We know of no such rule.
When a board of review commits jurisdictional error in in-
creasing the valuation of the property of any person, injus-
tice is presumed in the absence of any showing in the record
of its proceedings to the contrary, or any such showing made
affirmatively in proceedings by suit in equity or common-
law writ of *certiorari* to challenge the assessment. Such af-
firmative showing was made by affidavit in support of a mo-
tion to quash the writ in *Knapp v. Heller, supra.* A denial
of the remedy by writ of *certiorari* in the face of an unex-
plained record showing plainly jurisdictional error in in-
creasing the assessment of property of the complainant, and
in the absence of proof *aliunde* that after all no real injustice
was done, as in this case, is going altogether too far. It with-
holds a remedy accorded to persons circumstanced as appel-
lant was, as a matter of course and as a matter of right, as
shown by repeated adjudications of this court. *Wilson v.
Heller,* 32 Wis. 457; *State ex rel. Heller v. Lawler,* 103 Wis.
460, 79 N. W. 777. The board of review had no jurisdiction
to change the assessor's valuation except upon evidence war-
ranting it, in some reasonable view thereof. *Shove v. Mani-
towoc,* 57 Wis. 5, 14 N. W. 829; *State ex rel. Smith v. Gay-*

*lord,* 73 Wis. 306, 41 N. W. 518; *Fond du Lac W. Co. v. Fond du Lac,* 82 Wis. 322, 52 N. W. 439; *State ex rel. Giroux v. Lien,* 112 Wis. 282, 87 N. W. 1113; *State ex rel. Heller v. Lawler, supra.* As indicated in the statement of facts, the only evidence produced before the board as to the saw logs was to the effect that the amount thereof placed upon the assessment roll by the assessor was substantially correct. The evidence tending to show that the logs on hand May 1, 1902, would make 13,000,000 feet of manufactured products, mill run, neither proved nor tended to prove that the log scale, made with the Scribner rule, exceeded about 10,000,000 feet. It is a matter of common knowledge and a matter of law that the value of logs, as regards measurement thereof, is determined according to an estimate, using what is known as Scribner's rule, which does not give a very close proximation to the amount of products that can be manufactured from the logs by modern methods. True, the amount of such products produced from a quantity of saw logs may be so large as compared with the log scale as to impeach it; but no case of that kind is disclosed in the record before us. Assume that there was competent evidence tending to show that the logs on hand May 1, 1902, would make 13,000,000 feet, board measure, of manufactured products, there was no evidence before the board that the excess over the amount of logs entered upon the assessment roll by the assessor was unusual. So the result is that the work of the assessor was corroborated rather than impeached by the evidence produced before the board. There was no other decision that could reasonably have been made. Therefore the board, in increasing the assessment of appellant's logs, did not act reasonably on evidence, but acted in defiance of evidence; in other words, outside of its jurisdiction.

In respect to the act of increasing the assessment upon personal property from $3,000 to $8,000, upon the word of the assessor that such increase represented property inadvert-

ently omitted by him from his assessment roll, in the absence of appellant and without any notice to him of the intention of the board so to do, we hold that it was clearly jurisdictional error. The statute, sec. 1061, Stats. 1898, expressly provides that a board of review "shall not raise any assessment nor assess any property not already on the roll unless the person assessed, if a resident, . . . shall have been duly notified of such intention in time to appear and be heard before the board in relation thereto." True, the error, though jurisdictional, was not such as to void the tax in equity in face of a showing that no injustice was in fact done to the person assessed, nor such as to preclude the court, in the exercise of its discretionary authority, upon such showing being made, from refusing the use of the remedy by writ of *certiorari* to avoid the assessment. But the trial court had no such situation to deal with. The attorney for respondent in such court stood upon the record returned in response to the writ, in presenting the motion to quash, instead of making proof in support of the motion, as he might have done, that appellant in fact had the property subject to taxation which the board had in mind when the addition to the assessment was made, or had property subject to taxation, not upon the roll, of equivalent value. *Wilson v. Heller*, 32 Wis. 457.

We assume that the trial court relied on *McIntyre v. White Creek*, 43 Wis. 622, a case arising under the law as it stood in 1875, where this court held that an error in some respects like the one here complained of, was a mere irregularity not going to the groundwork of the tax, nor remediable in the absence of proof showing that injustice was done. The decision was based on ch. 166, Laws of 1871, which did not require notice to the property owner as a condition precedent to the power of the board to raise the value of his property or to place property upon the assessment roll omitted by the assessor. A notice was required by the statute, but the condition in that regard, as the law read, was a condition subse-

quent. The board was permitted, without notice to a property owner, to increase his assessment, but it was provided that after having done so notice should be given to the taxpayer in time to enable him to appear and be heard in regard to such action. The law was re-enacted in ch. 246, Laws of 1877, with some changes, but the requirement as to notice was not changed. It was still left as a mere condition subsequent. In the revision of 1878, however, the law was changed to the form above quoted, notice to the property owner of an intention to change his assessment by increasing the valuation of his property already on the roll, or by adding thereto and valuing property omitted by the assessor, being made a condition precedent to the power of the board to do so. Since such change *Fond du Lac W. Co. v. Fond du Lac*, 82 Wis. 322, 52 N. W. 439, and other cases have been decided, wherein it was held that failure to comply with the statute in respect to the condition precedent is jurisdictional error. Of course, in equity, such an error can yet be disregarded upon proof that the substantial rights of the property owner will not thereby be prejudiced. Nevertheless, a disregard of the statute standing alone raises a presumption of injustice which must be overcome in some proper manner, else the proceedings must be treated not only as void for want of jurisdiction, but inequitable, and the remedy by writ of *certiorari* be afforded to the injured person unless he forfeits the right thereto by such conduct as to bring into play the principles of estoppel *in pais*.

What has been said as to increasing the assessment on personal property from $3,000 to $8,000 applies to the increase in the assessed valuation of appellant's real estate. No notice was given by the board of its intention to make such increase. So far as indicated by its record, appellant appeared before the board and gave evidence tending to show that the assessed valuation of its real estate was too high. Some affidavits were filed to that effect, which were not entitled to be

considered, at least except as admissions (*State ex rel. Giroux v. Lien,* 112 Wis. 282, 87 N. W. 1113), and probably not considered, as the decision of the board was contrary to the showing made thereby. The only competent evidence was that tending to show that the buildings and machinery forming a part of the real estate were insured for $35,000 under a system in vogue among insurance companies, requiring the owners of such property to insure up to the full value thereof, as a condition of such companies taking the risk at all. That was particularly weak evidence as to the actual value of the property insured, and not evidence at all, it would seem, as to the value of the realty as a whole. So it is clear that the board not only raised the assessment of appellant's realty without notice of its intention so to do, but acted without any evidence whatever showing that the assessor's valuation was too low.

We apprehend that the inclusion by appellant, in the proceedings for the writ of *certiorari,* of a complaint because the board reduced the assessed valuation of property of third persons without evidence justifying the same, was not with any expectation of disturbing such assessments, but for the purpose of making an affirmative showing that the board, as regards appellant, not only acted illegally, but acted inequitably. While it raised the valuation of its property in some cases contrary to evidence, it reduced the valuation of the property of third persons without evidence. To show such inequitable conduct it was proper to bring the action of the board as to the property of third persons to the attention of the court.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded for further proceedings in accordance with this opinion.