BLACKMAN, Respondent, vs. ARNOLD, Appellant.

*February 19—March 11, 1902.*

*Equity:    Cloud on title:    Void tax deed:    "Defendant," in statute:*
*Conditional relief.*

1. Defendant's claim that lands described in his paper title as "lot 319, on West Seventh street, town site of S., in the city of S.", is not identical with that described in the tax certificate, on which plaintiff's tax deed was based, as "lot 319, West Seventh street, city of S.", is without merit, where defendant's application for relief was founded on the theory of identity; there being in fact no room for controversy that both descriptions pointed to the same property.

2. In an action to remove a cloud on title to B.'s land, it appeared, among other things, that B., being under no legal or equitable liability to pay. the tax, bought a tax certificate on the land in question, and in due time obtained a tax deed thereon. The deed was fair on its face and duly recorded. Thereafter G., the owner, and· the one who was then in possession, conveyed whatever rights he had to B. and put him in actual possession by attorning to him as his tenant. B.'s tax deed was invalid by reason of irregularities not going to the groundwork of the tax. A. claimed title under sale on foreclosure of a tax certificate prior in date to that on which B.'s deed was founded. A. counterclaimed, alleging his title, and prayed that B.'s tax deed be set aside and title quieted in himself. *Held*, that as between B. and A., the latter was equitably liable to pay the taxes; that the tax-deed title, until set aside, was the better title, and that the claims for taxes paid by B. had sufficient life to authorize the court to take notice thereof and adjudge that A., as a condition of relief, should pay into court money sufficient to cover the face of B.'s certificate and interest.

3. In such case, A. having by his counterclaim submitted his cause of action to the court, B. became the "defendant" in the proceedings on the counterclaim within the meaning of sec. 1210*h*, Stats. 1898, providing that where a tax deed or certificate is void for reasons not going to the groundwork of the tax, the party seeking; relief therefrom shall, before entry of judgment, pay into court for the person claiming under such tax claims, the amount paid for subsequent taxes with interest, and on default thereof the defendant shall have judgment.

4. In such case it appeared that B.'s tax certificate was dated May 17, 1894, and that B. purchased it from the county January 6, 1895. The judgment of the circuit court. allowed B. interest from the date of the tax certificate, and was modified by changing the time from which interest should be computed to the latter date.

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Modified and. affirmed.*

Action to remove a cloud on title to real estate. The defendant counterclaimed alleging title in himself and that plaintiff's claim was based on two invalid tax deeds. Defendant prayed for affirmative relief setting aside such tax deeds and quieting the title to the property in himself. The

court decided upon the evidence as follows: May 16, 1893, Charles B. Gariety owned and possessed lot 319 on West Seventh street, town site of Superior, in the city of Superior, Douglas county, Wisconsin. November 22, 1896, Gilbert G. Thorne, as receiver of the Superior National Bank, owned a tax-sale certificate covering the premises, issued on the sale of 1893 for the tax of 1892, on which certificate he commenced an action of foreclosure in the circuit court for Douglas county, and such proceedings were had therein that judgment in due form was rendered in favor of the plaintiff therein December 18, 1896. The premises were sold for delinquent taxes thereon for 1893, the county of Douglas becoming the purchaser and the property being described in the certificate as in the city of Superior. January 6, 1895, the county clerk of said Douglas county, pretending to act in its behalf, sold the certificate aforesaid to W. H. Webb for the face thereof, but said sale was not authorized by the county board of said county. The county clerk, at the time of such sale, possessed authority to sell said certificate with others, at its face, to the Duluth Trust Company, and Webb made his purchase ostensibly under such authority. The evidence does not show that he was authorized to become the owner of the certificate personally, or otherwise, by said company. Webb assigned the certificate to the plaintiff. There was no written transfer thereof, either from the county to Webb or from Webb to *Blackman,* other than by the county clerk writing his name officially upon the back of the paper. Webb purchased the premises at the tax sale of 1895 for the delinquent taxes of 1894, and assigned his certificate to plaintiff. The property was described therein as lot 319 on West Seventh street in the city of Superior. January 6, 1898, plaintiff obtained a tax deed on the 1894 certificate, which was fair on its face and was duly recorded, the property being described in the deed as lot 319 on West Seventh street, town site of Superior, city of Superior. Charles B.

Gariety was then in possession of the property. Numerous irregularities existed in the tax proceedings, not going to the groundwork of the tax itself, but rendering the deed illegal, which irregularities are specified in detail in the findings. February 5, 1898, for a nominal consideration, Charles ·B. Gariety and wife conveyed whatever rights they had in the property to plaintiff, and put him in possession thereof by attorning to him as tenants. July 22, 1898, plaintiff obtained a tax deed on the tax-sale certificate of 1895. There were fatal irregularities in the tax proceedings upon which such deed was based, which are particularly set forth in the findings. They were not such as went to the groundwork of the tax. Such proceedings were taken to enforce the aforesaid foreclosure judgment that a sale of the premises in question was duly made May 21, 1899, to the defendant. The sale was thereafter duly perfected by a proper confirmation thereof and a sheriff's deed to the defendant. The enforcement of the foreclosure judgment was delayed for a considerable length of time by reason of a promise made by Gariety that if time was allowed to him he would pay the judgment and the subsequent taxes on the premises. The face of the tax-sale certificate of 1894 is $111.43, and that of the certificate of 1895 is $103.58.

On that state of facts the court decided that both plaintiff's deeds were void and that defendant was entitled to a judgment setting the same aside on condition of his depositing, within ninety days from the date of the findings, money sufficient to cover the face of·the certificates upon which they were based and interest at the rate of fifteen per cent. per annum upon each certificate from its date, and that if he failed to make such payment the plaintiff was entitled to judgment validating such deeds and quieting his title thereunder as prayed for, and with costs as demanded. A conditional judgment was accordingly rendered, from which this appeal was taken.

For the appellant there was a brief by *Arnold & Arnold,*. and oral argument by *J. B. Arnold.*

*George B. Hudnall,* for the respondent.

MARSHALL, J.    It seems that no good can come from discussing various questions presented by appellant on this appeal.   The case is very simple.   There is no question but that the lot covered by plaintiff's tax deeds is identical with the lot covered by defendant's paper title, that the claim of title by him represents the tax burdens upon the property for the years 1893 and 1894, and that plaintiff acquired his tax certificates when he was under no obligation to pay the taxes on the property, and obtained his first tax deed in form cutting off the patent title and the title of the defendant before obtaining the conveyance and possession of the property from Gariety.   A claim made by the defendant, that the property described in plaintiff's certificates is not identical with that described in the defendant's paper title is without merit in a court of equity, since, notwithstanding a slight difference in the descriptions, there is no room for controversy but that both point to the same property, and the defendant's application to cancel the deeds is upon that theory.   Under the circumstances plaintiff at no time was either legally or equitably bound to pay the taxes upon the property.   He had no interest therein when the taxes were levied.   His certificates could not have been avoided at any time as between himself and Gariety, the person in possession, before the conveyance by the latter, except upon the very terms imposed by the judgment upon the defendant.   As between plaintiff and defendant the latter was equitably liable for the taxes, since his title was subject thereto.   The conveyance from Gariety to plaintiff did not in equity put the latter in any worse position as regards the defendant than before.   The tax-deed title, till set aside, was the better title, and, in any event, since, so far as appears, the patent title was regarded as a mere

shadow, as against the tax title, equity should regard the situation as unaffected by any intent of Gariety and plaintiff that such shadow should obscure the substance; in other words, the claims for taxes have sufficient life, in any event, to enable the court to take notice thereof, keeping alive the lien of the plaintiff therefor for his protection, and to compel payment thereof by the defendant, whose title was subject thereto, as terms of having the use of its jurisdiction to cancel them and remove the cloud caused thereby upon his title; and, having jurisdiction of the whole subject, can compel such payment or bar the defendant from claiming the property affected thereby in any court of law or equity. The court might properly do that under its general equity powers even if there were no statute on the subject. *Hill v. Buffington,* 106 Wis. 525. But the court is bound to do that under sec. 1210*h*, Stats. 1898. When defendant submitted his cause of action to obtain a cancellation of the tax deeds and the certificates on which they are based, he became an actor in an action or proceeding to that end, in which the respondent was the defendant within the spirit if not the letter of such section. That section provides in mandatory language, in effect, that where a tax deed or certificate is void upon grounds not going to the validity of the assessment or the groundwork of the tax, and the party seeking relief therefrom shows himself otherwise entitled to judgment, he shall, before the entry thereof, within a reasonable time to be fixed by the court, pay into court for the person or persons claiming under the tax claims the amount for which the land was sold, and the amount paid by such person or persons for subsequent taxes, with interest on all such amounts at the rate of fifteen per cent. per annum from the times of payment until the said money was paid into court, and in default of such payment within the time so fixed, the defendant shall have judgment in the action. There can be no mistaking the meaning of that language. The judgment appealed from

was framed in strict accordance therewith, except in requiring appellant to pay interest on the amount of the 1894 certificate from its date, May 15, 1894, instead of from the time Webb paid the county therefor, January 6, 1895, the excess being $9.95. No error is predicated on that, however, so it does not seem that justice requires that it should avail appellant further than to have it corrected and to have reasonable opportunity given him, to comply with the corrected judgment.

*By the Court.*—The judgment appealed from is modified by changing the date from which appellant must pay interest on the certificate of 1894 as a condition of having judgment rendered in his favor, from May 15, 1894, to January 6, 1895, and by changing the time within which payment must be made into court to April 15, 1902, and the judgment as modified is affirmed, respondent to recover full costs in this court. If desired, either party, at his own costs, may on the return of the record to the circuit court for Douglas county, and on application to such court, have an amended judgment there perfected and entered in accordance with this decision.