MALONE, Respondent, vs. WAUKESHA ELECTRIC LIGHT COMPANY, imp., Appellant.

*January 14—February 2, 1904.*

*Location of electric light poles: Abutting owners: Costs: Appeal: Affirmance and reversal.*

1. Under sec. 925—88, Stats. 1898, the time and manner of using the streets of cities, for the purpose of placing electric light poles therein, is to be determined by the board of public works, subject to review by the common council. The defendant, operating under an ordinance or franchise passed by the common council, attempted to place an electric light pole in front of plaintiff's premises, without his permission, and in advance of any action by the public authorities except an order allowing the defendant to set *a pole* and string its wires on the side of the street on which plaintiff lived. *Held*, that until the city authorities had exercised the power given them, and

authorized a pole to be put at the point where defendant,. against plaintiff's objection, did put it, plaintiff is entitled to an injunction restraining such action.

2. In an equity case costs are discretionary, and no abuse of discretion appearing, there can be no reversal of the judgment on that ground.

[3. Whether the placing of poles in a street by an electric lighting. corporation for the purpose of placing electric light and heat wires thereon is an additional burden to the fee, so as to require condemnation proceedings, as against the abutting owners, not determined.]

APPEAL from a judgment of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Affirmed.*

This is an action in equity to enjoin the appellant company from placing an electric light pole in the street in front of the plaintiff's premises · in the city of Waukesha, and from cutting or trimming the branches of the plaintiff's shade trees in the street. The plaintiff owns and occupies as a homestead a lot in the city of Waukesha with a frontage of 160 feet on Barstow street, and with a number of large shade trees in front of said lot. The defendant is a corporation engaged in furnishing electric light, heat, and power for public and private purposes in said city. March 13, 1902,. the appellant entered into a contract with the city of Waukesha to light the city with electric light for five years, which contract specified the number and kind of lights to be used, the amount to be paid therefor, and contained provisions requiring the appellant to erect and maintain the necessary plant, poles, wires, etc. Just prior to the making of this contract the city council of the city of Waukesha passed an ordinance purporting to grant to the appellant for twenty years the right to enter upon the streets, alleys, bridges, etc.,. of the city, and operate and maintain on, over, and under the same poles, wires and the necessary apparatus for supplying electricity for light, heat, and power, subject to the general provisions of law in force, and also subject to the direction and supervision of the board of public works of the city

in the setting of poles and the placing of wires. Under this ordinance the board of public works made a written order June 4, 1902, authorizing the appellant to set poles, and place wires thereon, in certain streets of the city, as provided by said franchise, among which streets was a part of Barstow street, including that part on which the plaintiff's lot fronts, but the order did not specifically designate any particular places in the street where the poles should be put. In the early part of June, 1902, the appellant commenced to build the Barstow street line, and started to dig a hole for a pole on the plaintiff's side of the street at a point in front of the plaintiff's premises. To this the plaintiff objected, and after some talk between the plaintiff and the defendant's manager, it was agreed that the plaintiff's wife should settle the matter by agreement with the manager. The manager testifies that he agreed with Mrs. Malone that a pole should be permanently set at a certain point near an elm tree in front of the plaintiff's premises. Mrs. Malone, however, testifies that she made no agreement that a pole might be permanently set anywhere, but that the manager told her that a pole must be set somewhere upon that day; that there could be no delay; that he would put up a twenty-foot pole at the place near the elm tree, and would remove it whenever required—and that she consented to the temporary placing of the pole on those conditions. As matter of fact, it appears that a pole about thirty feet in height was put in the place thus selected, and that it remained there without wires until August 18, 1902, when defendant's workmen appeared and began to put arms on the pole, and to prepare it for the stringing of wires thereon. Thereupon the plaintiff objected, and ordered the pole removed, and commenced to cut it down. On the same day the board of public works made a written order allowing the appellant to set a pole and string wires on the east side of Barstow street between Main street and the alley (this includes the plaintiff's frontage), but specifying no particular

location for the pole.  Plaintiff immediately commenced this
action against the electric light company alone to enjoin it
from putting the pole near the elm tree, and also to prevent
the trimming of any of the branches of the plaintiff's trees,
and obtained a temporary injunctional order to that effect.
The defendant appeared in the action, and, in addition to a
defense upon the merits, pleaded by way of abatement that
the city should be joined as a necessary party defendant.  In
connection with the temporary injunctional order, the circuit
court further ordered that the matter be referred to Court
Commissioner Merton to recommend a place where the pole
could be put pending the litigation, without injury to the
interests of either party; and the commissioner reported,
recommending a place near the point originally selected by
the company.  This recommendation was practically con-
sented to by both parties, and the pole was put in that place,
and has remained there since, with wires strung thereon.
The case was tried by the court, and the trial judge, before
making findings decided that the city should be joined as a
defendant, so that any judgment rendered might be effective
and binding on all parties concerned, and an order was made
bringing in the city as an additional defendant.  An amended
complaint was served, and the city answered thereto; and
the case came again to hearing and the evidence taken upon
the first hearing was stipulated bodily into the case, with
some slight additional testimony.  The court, after finding
the plaintiff's ownership of the lot, and the defendant's busi-
ness and franchise, proceeded to find that the plaintiff's
shade trees were of great value, and added greatly to the
use and enjoyment of the plaintiff's homestead, and that any
cutting or trimming thereof would cause irreparable dam-
age to the plaintiff, for which he had no adequate remedy at
law, and further:

"That on the 18th day of August, A. D. 1902, at the city
of Waukesha, in the state of Wisconsin, the said defendant

*Waukesha Electric Light Company,* having been previously warned by the plaintiff not to interfere with his possession and the enjoyment of his premises, and the trees thereon, by its agents, servants, and employees, claiming to act by and under the direction of the city of Waukesha, and in accordance with the franchise to it granted by said city, and under the contract made with said defendant city, willfully, maliciously, and wantonly, and with intent to injure the plaintiff in the possession, and enjoyment of his property, went upon the premises of the plaintiff with force and arms, and against the consent of the plaintiff, and in derogation of his rights, started to place electric wires, to be charged with electricity, on a certain pole, of the probable height of thirty feet, placing cross-arms on said pole, among the limbs and branches of one of said elm trees; the said pole having been placed there fraudulently on or about the month of June, A. D. 1902, by said defendant light company, which said pole was placed in the ground a few feet from the base of said elm tree, so that the top thereof, and where the cross-arms are, and the wires were to be placed, were within the tree, requiring, and said defendant contemplated, the cutting of the limbs and branches thereof; said pole being located on the premises of the plaintiff, between the sidewalk and curb line; and the said defendant light company did then and there, without warrant or authority of law, threaten and attempt to place cross-arms on said pole for the purpose of stringing thereon live electric wires for the transmission of power for public as well as private purposes, in close proximity to the residence of the plaintiff, and did then and there threaten to commit personal violence on the plaintiff when endeavoring to protect his trees and property from the encroachments of said defendants; and that the defendants threatened that, unless restrained by injunction, they would continue to interfere with the plaintiff in the enjoyment of said premises, and will cut, trim, injure, and destroy the said tree, and other trees, and will greatly injure the homestead of the plaintiff, and that he has no adequate remedy at law in the premises, and that to proceed in the manner they intend and threaten would be of irreparable damage to the plaintiff. That all the allegations of plaintiff's complaint, except as modified by these findings, are true, and that the

placing of the said pole and the wires among the branches of the plaintiff's trees, and the cutting, mutilation, or trimming of the said tree or trees, was wholly unnecessary in order that the said defendant carry out its contract with the defendant city under the franchise hereinabove referred to. That said wires could be placed and strung without touching the trees of the plaintiff. (10) That the said defendants have not acquired the right to take or appropriate the premises and trees of the plaintiff by condemnation proceedings under the laws of the state of Wisconsin, nor has an attempt so to do been made. (11) That on or about the 4th day of June, A. D. 1902, the board of public works of said defendant city, by order, directed and authorized the placing of poles by the said defendant light company on Barstow street, without designating the point of location, nor the side of the street on which the same were to be placed; but, after the trouble had arisen between the plaintiff and the said defendants, the defendant light company was ordered to place a pole on the east side of Barstow street, and in fact the said pole has been there since June, and in the place so obnoxious to the plaintiff, herein complained of."

As conclusions of law, the court found that the plaintiff was entitled to have the temporary injunctional order made permanent, but that the appellant should have the right to place a pole at a point in front of the plaintiff's premises, forty-seven feet south from the southeast corner of Barstow and Main streets. Judgment was rendered in accordance with these findings against both defendants, but it was adjudged that the plaintiff recover costs of the appellant alone and from this judgment the appeal is taken.

*T. W. Haight,* for the appellant.

*D. J. Hemlock,* for the respondent.

WINSLOW, J. There is a very important question which might well have been litigated and decided in this case, and that is the question whether the placing of poles in the street by an electric lighting corporation for the purpose of placing electric light and heat wires thereon is an additional burden

upon the fee, so as to require condemnation proceedings, as against the adjoining owners. The question does not seem to have been seriously considered in the court below, and it has not been argued in this court; and, in view of its great importance, and the fact that this case may be properly decided without reference to it, we shall not take it up, but wait until it may be fully presented on argument and authority.

Conceding, for the purposes of the case, that the franchise granted by the city council gave to the electric light company the right to place its poles in the streets without condemnation, it did not give the right to place those poles anywhere that the company might choose, against the consent of the lot owner. Under the terms of the law governing this subject in cities of the class to which Waukesha belongs, the time *and manner* of using the streets for placing electric light poles therein *shall* be determined by the board of public works, subject to review by the common council. Sec. 925—88, Stats. 1898. Such, also, are the terms of the ordinance or franchise passed by the common council. There can be no doubt that, until the board of public works has designated the particular places where the poles are to be placed, the electric light company has no power, against the objection of the owner, to place a pole in front of a man's property. Until the city authorities have exercised the power given them, the property owner's right must be paramount. It appears by the findings in the present case, upon sufficient evidence, that neither the board of public works nor the city council ever authorized a pole to be put at the point where the company had put it when this action was commenced, nor did they ever authorize the trimming of trees for the purpose. Until such authorization had been made, the rights of the plaintiff must be considered to be absolute, and it follows from this that the judgment must be affirmed.

Costs were adjudged against the electric light company

alone, and this is assigned as error; but, as the awarding of costs is discretionary in equity cases, and no abuse of discretion appears, there can be no reversal of this part of the judgment.

A motion by respondent upon the argument to dismiss the appeal because of alleged defects in the notice and undertaking is overruled, without costs, and is not deemed of sufficient importance to require discussion.

*By the Court.*—Judgment affirmed.

