KRUGMEIER, Trustee, Appellant, vs. HACKETT and others, Respondents.

*November 28—December 13, 1907.*

*Mortgages: Effect of payment of debt: Effect of new loan before mortgage is discharged of record: Equity: Bankruptcy: Title and rights of trustee in bankruptcy.*

1. As a strict rule governing legal rights, the payment of a debt secured by mortgage extinguishes the mortgage completely, and such mortgage cannot be revived and become a valid lien upon real estate without the formalities required by law for the original execution of mortgages.

2. Such rule, however, is noncontrolling as against a finding of a trial court, not antagonized by any clear preponderance of the evidence, that the transaction was an agreement between a third party, the mortgagor, and the mortgagee that the third party should take over and continue to carry the debt theretofore owed to the mortgagee and secured by his mortgage, and that the mortgage should not be satisfied or extinguished but should continue as a security for that debt.

3. Such rule may also be overcome by facts showing that afterwards the mortgagor obtained for the third party a loan of money upon the agreement that the mortgage should stand as security therefor until discharged of record.

4. Under the circumstances last mentioned the mortgagor would have no standing in a court of equity to ask affirmative aid to remove the mortgage as a cloud on his title, without himself doing equity by repaying the money which he had received upon the faith of such supposed security.

5. Where there was nothing to suggest insolvency on the part of a mortgagor, subsequently adjudged a bankrupt, at the time of transactions involving the payment of a debt secured by a mortgage and continuing the mortgage in force in favor of a third person who at that time advanced money to the mortgagor, and those transactions were in no wise connected with the bankruptcy, the trustee in bankruptcy has no rights greater than those which the mortgagor would have had.

'APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

Suit in equity to cancel and satisfy of record a certain real-estate mortgage from the bankrupt Wason to defendant *R. H. Hackett* and assigned to the defendant bank, on the ground that the same has been fully satisfied. The mortgage was for $5,700, made January 2, 1903, to secure $5,700 evidenced by a judgment note, which was further secured by a chattel mortgage upon the stock in trade of Wason and by the pledge of certain bank stock held by him. In August, 1903, Wason sold his stock in trade for a percentage of its inventory, resulting in about $12,000, a part of which was paid down and the remainder to be paid when the price was ascertained. By direction and agreement it was to be paid into the defend-

ant bank and to be passed over to Wason when the title was made clear. This balance proved to be $9,000. Before its payment notice had been given to all creditors pursuant to sec. 2317*b*, Stats. (Supp. 1906; Laws of 1901, ch. 463), and they directed to send their claims to the bank; also, meanwhile, Wason had borrowed of the defendant bank $3,500, which he had secured by an order to it to take pay out of the proceeds of the sale of stock. He was also indebted to it upon a note of $600 or $700. A condition of the final payment of the $9,000 was, of course, a release of the chattel mortgage held by *Hackett*. The amount of debts of Wason which were forwarded to the bank to be paid out of the proceeds of this sale of stock was about $4,700. On August 26th the purchasers paid the $9,000 into the defendant bank, which obtained from *Hackett* a satisfaction of the chattel mortgage covering his $5,700 note. Wason on the same day drew checks to the amount of something more than $700, supposedly for the payment of outstanding debts; thus the $9,000 was inadequate to meet all the demands upon it if *Hackett's* debt of $5,700 was in fact paid. Further than this, Wason desired to arrange for some additional money. Accordingly, *Hackett* made him a new loan of $3,800 upon certain other security, and the bank paid *Hackett* the $5,700, which, with interest, amounted to $5,899.50, due upon his mortgage, and charged it to Wason in his account and immediately credited him in his general account the principal thereof, $5,700, as a loan made to him. The bank took no new evidence of indebtedness from him, but procured *Hackett* to assign to it the judgment note and real-estate mortgage theretofore held by him. There is no evidence that Wason was then insolvent, and he continued in active business for nearly two years thereafter, to wit, until about May, 1905. The claim of the plaintiff is that the payment of the bank to *Hackett* worked a payment and satisfaction of the debt due him upon his judgment note, whereby the mortgage

became extinguished and could not then by acts of the parties be revived so as to be a valid security in favor of a new loan made by the bank to Wason, which it claims to have been the transaction evidenced by the book entries above described. The court found that all three parties, *Hackett,* Wason, and the bank, agreed that instead of paying off the $5,700 debt and mortgage the bank should take it by assignment from *Hackett* and continue to hold it, and that it was not the intention of any of said parties that either said debt or said real-estate mortgage should be satisfied or extinguished, upon which finding the judgment was entered dismissing the complaint, from which plaintiff appeals.

*F. V. McManamy,* for the appellant.

For the respondents *Hackett* and *First State Bank of Dale* there was a brief by *Barbers & Beglinger,* and oral argument by *Charles Barber.*

DODGE, J.  No issue is taken with the appellant's contention that, as a strict rule governing legal rights, the payment of a debt secured by mortgage extinguishes the mortgage completely, and that such mortgage cannot be revived and become a valid lien upon real estate without the formalities required by law for the original execution of mortgages. But we deem such principle noncontrolling of the rights of these parties, for two reasons: First, that there is no antagonism by any clear preponderance of the evidence to the finding of the court that the transaction agreed to by defendant bank, *Hackett,* and the plaintiff was that the bank should take over and continue to carry the debt of $5,700 theretofore owned by *Hackett* and secured by the real-estate mortgage, and that the mortgage should not be satisfied or extinguished but should continue as a security for that debt.

The foregoing is of course entirely sufficient to dispose of this appeal. But we cannot forbear to point to a further consideration, namely, although this mortgage had become

extinguished in law so that it no longer constituted a lien upon the land enforceable by the defendant, yet if afterwards the appellant obtained from the bank a loan of money upon the agreement that the mortgage should stand as security therefor, which of course it ostensibly might until discharged of record, the appellant would have no standing in a court of equity to ask its affirmative aid to remove such a cloud from his title without himself doing equity by repaying the money which he had received upon the faith of such supposed security. *Hart v. Smith,* 44 Wis. 213, 218; *Hill v. Buffington,* 106 Wis. 525, 82 N. W. 712; *Havenor v. Pipher,* 109 Wis. 108, 85 N. W. 203; *Blackman v. Arnold,* 113 Wis. 487, 89 N. W. 513.

There was nothing to suggest insolvency on the part of Wason at the time of these transactions and they are in no wise connected with the bankruptcy. Hence the trustee in bankruptcy has shown no rights greater than those which Wason would have had.

*By the Court.*—Judgment affirmed.