HAMMOND, Respondent, vs. ERICKSON, imp., Appellant.

*April 18—May 8, 1908.*

*Mortgage: Cancellation: Tender of debt: Withholding costs.*

1. A court of equity will not extend affirmative aid to a mortgagor to cancel a mortgage and quiet title against it except upon the condition that the mortgagor make payment or tender of payment of the debt secured by the mortgage lien.

2. In a suit to foreclose a mortgage, the mortgagee sought to enforce his lien for a larger amount than would be due at the original rate of interest. The mortgagor offered to pay the smaller amount but made no formal tender thereof, and counterclaimed for cancellation of the mortgage. *Held* that, in rendering judgment for the smaller amount and denying defendant's counterclaim, the withholding of costs from both parties was a proper exercise of the court's discretion under sec. 2918, Stats. (1898).

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

The plaintiff, having a note and mortgage executed by one Clegg, after the maturity thereof and on April 1, 1905, entered into a written agreement with Clegg for an extension on consideration that Clegg should pay eight per cent. interest instead of six and one-half per cent. as originally provided by the note and mortgage. Before this agreement Clegg had made a conveyance of said property to one McArthur, from whom the appellant *Erickson* derives title. *Erickson,* contending that the agreement to pay higher interest was not binding on him, offered to pay the principal and six and one-half per cent. interest; making no formal tender, however, because plaintiff refused to accept. Suit being brought to foreclose, defendant set up the fact of his offer and continued willingness to pay the principal and six and one-half per cent. interest; and also counterclaimed for the cancellation of the mortgage, without, however, renewing the tender in his answer or counterclaim or making any deposit in court. The court denied the counterclaim, but held defendant not bound to pay the increased interest, and rendered judgment of foreclosure for the amount due by the terms of the note and mortgage; but, in view of defendant's offer to pay that amount before suit was commenced, although without keeping such tender good, withheld costs from both parties. From the parts of the judgment dismissing the counterclaim and denying him costs, defendant *Erickson* appeals.

For the appellant there was a brief by *Max H. Strehlow,* attorney, and *O. G. Erickson,* of counsel, and oral argument by *Mr. Erickson.*

*Orlando E. Clark,* for the respondent.

DODGE, J. Whatever effect a tender may have technically to discharge the lien of a mortgage, a subject treated at some length in *Kortright v. Cady,* 21 N. Y. 343, and referred to in

*Breitenbach v. Turner,* 18 Wis. 140, *Mankel v. Belscamper,* 84 Wis. 218, 45 N. W. 500, and *Gould v. Sullivan,* 84 Wis. 659, 665, 54 N. W. 1013, it is uniformly held that a court of equity will not extend affirmative aid to the mortgagor to cancel such mortgage and quiet the title against it except upon the condition that he do equity on his own part by paying the debt which was secured by the mortgage lien. *Tuthill v. Morris,* 81 N. Y. 94; *Breunich v. Weselman,* 100 N. Y. 609, 2 N. E. 385; *Werner v. Tuch,* 127 N. Y. 217, 27 N. E. 845; *Nelson v. Loder,* 132 N. Y. 288. This is in accord with a most fundamental principle, that to enable one to arouse the peculiar activities of a court of equity in his own behalf it is essential that he should offer to do full equity in the first instance, a principle fully sanctioned by our own decisions. *Hill v. Buffington,* 106 Wis. 525, 82 N. W. 712; *Havenor v. Pipher,* 109 Wis. 108, 115, 85 N. W. 203; *Blackman v. Arnold,* 113 Wis. 487, 492, 89 N. W. 513; *Beaser v. Barber A. P. Co.* 120 Wis. 599, 98 N. W. 525. Clearly, therefore, the decision of the trial court that *Erickson's* counterclaim for cancellation of the mortgage could not be sustained in the absence of any offer in that pleading to pay the true amount of plaintiff's debt was correct. The portion of the judgment foreclosing the mortgage for the amount actually due is not appealed from.

In this situation, where the plaintiff is defeated as to the litigated question over a small amount of his indebtedness, and the defendant suffers defeat as to the much more important issue upon the entire cancellation of plaintiff's mortgage, we certainly cannot think the exercise of the court's undoubted discretion over the award of costs in suits in equity has been abused to the prejudice of the defendant when costs are merely withheld from both parties. Subd. 7, sec. 2918, Stats. (1898); *Hill v. Durand,* 58 Wis. 160, 15 N. W. 390; *Malone v. Waukesha E. L. Co.* 120 Wis. 485, 98 N. W. 247.

*By the Court.*—Judgment affirmed