## EVENSON vs. BATES, imp.

*April 13 — May 31, 1883.*

*(1) Exceptions to findings, when necessary. (2) Contract construed.*

1. To authorize a review of the evidence, exceptions should be taken to the findings of fact (sec. 3070, R. S.), and should be incorporated into the bill of exceptions. Sec. 2870, R. S.
2. A mortgage for $5,000 and a written agreement were executed on the same day. The latter recited the execution of the mortgage and that the mortgagee held a note of the mortgagor for $1,500, and provided that sums in addition to said $1,500 should be advanced, not exceeding in all $5,000, said sums when advanced to be secured by the mortgage. *Held* that, construing the mortgage and agreement together, the note for $1,500 was to be secured by the mortgage.

APPEAL from the Circuit Court for *Rock* County.

The case is thus stated by Mr. Justice CASSODAY:

" This is an action to foreclose a mortgage executed by the defendants to the plaintiff, February 14, 1876, purporting to secure the payment of $5,000, according to the terms of certain promissory notes executed by *Allen C. Bates.* On the same day of executing the mortgage the plaintiff gave to *Bates* a written agreement in these words:

"'Whereas, *Allen C. Bates*, of the city of Janesville, county of Rock, and state of Wisconsin, has on this day executed a mortgage to me of $5,000, said mortgage being recorded; and whereas, I hold certain notes against *Allen C. Bates*, amounting to $1,500 and interest,— I hereby agree to advance to said *Allen C. Bates*, as he may require, in addition to said $1,500, any sum or sums, at any time or times, within five years, not exceeding in all $5,000, and to become security for him on a bond given for appeal of a suit now pending in the circuit court for Walworth county, wherein Charles T. Wilcox is plaintiff, and George Harvey and others are defendants. Said sums of money, when so advanced, to be

secured by said mortgage, and to be paid any time within five years after they are advanced, as said *Allen C. Bates* may desire.

" '*February 14, 1876.* OLE EVENSON.'

" The court found that at the time of executing this agreement and the mortgage the plaintiff held the note of $1,500 mentioned in the agreement, and no other; and that that note, as well as those subsequently executed, was secured by the mortgage. Upon the facts and conclusions of law found by the court, judgment of foreclosure and sale was entered in favor of the plaintiff and against the defendants. The defendant *Allen C. Bates* appealed."

For the appellant there was a brief by *J. W. Bates* and *John Winans*, and oral argument by *Mr. Bates.*

For the respondent there was a brief by *Sale & Pierce,* and oral argument by *Mr. Sale.*

CASSODAY, J. To authorize a review of the evidence, exceptions should be taken to the findings of fact (sec. 3070, R. S.), and the same should be incorporated into the bill of exceptions. Sec. 2870, R. S. Here no exceptions were taken to any of the findings of fact or conclusions of law. It is urged, however, that exception was taken to the receipt in evidence of the $1,500 note, and as that was executed by *Mr. Bates* prior to the mortgage, it is claimed that the court improperly found that the mortgage was given, in part, to secure that note, and that the question may be reviewed on this appeal, notwithstanding the failure to except to the findings. Assuming, for the purposes of this case, that such right to review exists, still we are clearly of the opinion that the decision of the trial court was correct. The written agreement was made the same day as the mortgage, and refers to it in such a way as to become, in equity, a part of it, and hence the two are to be construed together as one paper. *Gillmann v. Henry,* 53 Wis., 468, and cases

there cited. It stands confessed that none of the notes were made on the day the mortgage and agreement were exe-cuted. The $1,500 note was made before and the others afterwards, as moneys were advanced from time to time by the plaintiff. These things are fully recited in the written agreement. Counsel who drew the written agreement and testified to its execution on the trial, was asked on the argu-ment here why the fact of the $1,500 note being held by the plaintiff was recited in the agreement, if it was not thereby intended that it should be secured by the mortgage. He frankly answered that he could not tell. On examina-tion of the record we find that the same query seems to have occurred to the trial judge, for he said, there is no ex-planation that can be made why the sum of $1,500, said to be represented by notes, should be alluded to in the written agreement at all, unless it be for the purpose of showing that it was to be secured by the mortgage. This, we think, is obvious to any one, and renders further discussion unnec-essary, even on the defendant's theory of the practice as to exceptions.

*By the Court.*— The judgment of the circuit court is affirmed.