NEWTON and another, Appellants, vs. WILLIAMS, Assignee, Respondent.

*September 22 — November 4, 1896.*

*Appeal: Sufficiency of exceptions.*

A paper returned by the clerk, purporting to contain exceptions to findings, but not incorporated in the bill of exceptions, is insufficient to raise the question whether the findings are supported by the evidence.

APPEAL from a judgment of the circuit court for Monroe county: O. B. WYMAN, Circuit Judge. *Affirmed.*

On the 4th day of August, 1893, Mason A. Thayer, a banker at Sparta, Wisconsin, made an assignment to the defendant for the benefit of creditors. Thereafter one O. I. Newton, of whom the plaintiffs are successors in interest, filed a number of claims against the estate of Thayer in the assignment proceedings. Two of these claims only are in issue upon this appeal, the first being a claim for $2,445.21 for a balance alleged to be due Newton from Thayer upon account of a certain electric-light enterprise in which Newton and Thayer were jointly interested, and the second being a claim for $7,318.42 alleged to be due from Thayer to Newton on account of the payment of a $15,000 promissory note executed by Newton and two others to Louisa Withee and guaranteed by Thayer. As to the first claim above mentioned, it appeared upon the trial that the parties, Newton and Thayer, were jointly interested in the electric-light business, for furnishing electric light to the city of Sparta under a contract made between them April 17, 1889, the power being furnished by Newton, and the business being conducted and collections made by Thayer. Upon this business there had been no final settlement made between Thayer and Newton for the years 1891, 1892, and 1893, and it was admitted by the defendant that there was due from Thayer to Newton $1,686.66 on account of the three years'

business, but the balance of the claim was denied. The second claim for contribution upon the $15,000 note was denied *in toto*.

At the close of the trial the court made findings of fact, in substance, that at the time of the assignment there was due from Thayer to Newton, as his share of the proceeds of the electric-lighting business, the sum of $1,686.66, with $100 interest thereon, and no more. As to the claim for contribution, the court found that on or about September 1, 1892, Newton and C. A. Jewett and R. N. Jewett made and delivered to one Louisa Withee their promissory note, dated on that day, for $15,000 and interest at six per cent., due six months from its date, and that Thayer guaranteed the payment of said note by written guaranty, and that the parties at the same time, and as part of the same transaction, made a contract under seal as follows:

" Memorandum of agreement by and between O. I. Newton, C. A. Jewett, R. N. Jewett, and M. A. Thayer:

" Whereas, the above parties have executed a promissory note of even date herewith for $15,000, payable six months after date, for the use of the Sparta Iron Mining Company, of Wakefield, Mich.:

" Now, therefore, it is mutually agreed and understood, by and between the parties, that when said note becomes due and payable, and is not taken up and paid by said company, and it becomes necessary for the said parties to pay the same, then, and in that case, each party hereto shall pay on said note *pro rata* according to the stock they now hold in said iron-mining company.

" Witness our hands and seals this 1st day of September, A. D. 1892.

"R. N. Jewett.   [Seal.]
"C. A. Jewett.   [Seal.]
"O. I. Newton.   [Seal.]
"M. A. Thayer.   [Seal.]."

The court also found that said note was paid by said Newton, but that upon the trial no proof was adduced or offered to show the amount of stock held by the several parties to said contract in the Sparta Iron Mining Company, or establishing any liability thereunder. Upon these findings judgment was rendered allowing the claim upon the electric-lighting contract at the sum named in the findings and entirely disallowing the claim for contribution on the note. From this judgment the claimants appealed.

For the appellants there was a brief signed by *S. W. Button*, attorney, and *Lewis, Briggs & Dudgeon*, of counsel, and oral argument by *H. E. Briggs* and *S. W. Button*.

For the respondent there was a brief by *Morrow & Masters*, attorneys, and *Losey & Woodward*, counsel, and oral argument by *J. M. Morrow*.

WINSLOW, J. Two errors were assigned by counsel for appellant, in their brief and upon the oral argument, viz.: (1) That the court erred in allowing only the sum of $1,686.66 as due the claimant, upon the electric-light contract; and (2) that the court erred in disallowing the claim for contribution upon the Withee note. We are unable, however, to review the evidence upon either of these questions, because no exceptions have been preserved in the bill of exceptions to the findings of the court. It is true that, among the papers returned by the clerk, there is a paper purporting to contain exceptions to a number of the findings; but, as these alleged exceptions were not incorporated in the bill, they can serve no purpose. This rule has been stated so many times that citation of authorities seems a work of supererogation. *Cramer v. Hanaford*, 53 Wis. 85. In this situation the evidence cannot be reviewed, and consequently the only question which can be considered upon the above-mentioned assignments of error is whether the pleadings and findings sustain the judgment. *Wille v. Bartz*, 88 Wis.

424. That they do sustain the judgment is manifest from mere inspection of them. The bill of exceptions preserves certain exceptions to rulings upon evidence, but none of these rulings was assigned as error in the brief or upon the argument. It is sufficient to say that we have examined the rulings excepted to, and find no error.

*By the Court.*— Judgment affirmed.