Nichols vs. City of Superior.

NICHOLS, Assignee, Appellant, vs. CITY OF SUPERIOR, Respondent.

*March 1 — March 19, 1901.*

(1) *Appeal: Record: Exceptions.* (2) *Municipal corporations: Contracts for improvements: Abandonment: Completion of work by city: Offsets.*

1. A recital in a bill of exceptions that the court " filed its findings and conclusions of law, to which findings and conclusions of law the plaintiff has filed his several exceptions which are made part of the record," is *held* insufficient to identify and incorporate into the bill of exceptions a paper purporting to contain exceptions to said findings, which was filed with the clerk and returned with the record but was not actually inserted in the bill.

2. A contract with a city to construct certain improvements for specified amounts provided that payments should be made on estimates as the work progressed; that the work should be completed at speci-

fied dates; that liquidated damages at a fixed sum per day should be paid in case of noncompletion at such times; and that in case the work was not prosecuted with diligence the city might complete the same or relet it and charge the cost to the contractors. The contractors, after prosecuting the work for a time, abandoned it, certain sums being still owing them for work actually done. The city thereupon completed the work, necessarily expending certain sums in excess of the contract price, the aggregate of which was greater than the amount due the contractors. *Held*, that such sums, as well as the liquidated damages for noncompletion of the work, were proper offsets against the claim of the contractors.

Appeal from a judgment of the circuit court for Douglas. county: A. J. Vinje, Circuit Judge. *Affirmed.*

This action was brought to recover about $17,000 for labor performed and materials furnished by the firm of Forrestal Bros. in the construction of certain sewers and city improvements in the city of *Superior*, under the terms of several contracts with the city, the claims having been assigned by Forrestal Bros. to the Bank of West Superior, of which bank the plaintiff is the assignee under a voluntary assignment. A counterclaim for damages for not completing the work was interposed by the city. The case was tried by the court, and findings of fact made in substance as follows:

(1) That in the year 1890 the firm of Forrestal Bros. made five separate contracts with the city of *Superior*, known as. Nos. 19, 30, 33, 34, and 38, respectively, for the construction of certain city improvements in said city at certain prices. (2) That each of said contracts contained a provision to the effect that, if the work was not prosecuted with diligence, the board of public works of the city might suspend the same and relet the work to some other competent party, or employ men and buy material for the completion of the same, and charge the cost thereof to the contractors; and also provided that, in case of the noncompletion of the work on a. certain time fixed in the contract, the contractors should pay

to the city certain sums per day as liquidated damages. (3) That payments upon the contracts were to be made upon periodical estimates, reserving, however, twenty-five per cent. until the final completion of the work, and that no claims for additional work beyond the contract price should be allowed unless ordered in writing by the city engineer. (4) That, as to contract No. 19, the contractors performed work thereunder amounting to $16,367, and the city paid to them thereon $15,548.65; and afterwards paid the sum of $92.25 in completing the work as left by the contractors; that the city engineer issued an estimate for extra work in the amount of $1,881.15, but that the said work was not directed in writing.    (5) That, as to contract No. 30, the contractors performed work thereunder amounting to $11,205, and the city paid thereon the sum of $4,383.19, and thereafter necessarily expended in completing the work the sum of $19,878.12; the entire sum thus paid by the city being $5,982.69 less than the contract price.    (6) That, as to contract No. 33, the contractors performed work thereunder amounting to $13,077.40, and were paid $6,938.03, and the city thereafter necessarily expended in completing the work $22,823.99; making the total paid out by the city $29,762.02, or $29.63 less than the contract price.    (7) That, as to contract No. 34, the contractors performed work amounting to $8,276.66, and were paid $3,161.18, and the city thereafter expended in completing said work $34,333.56; making $8,924.64 paid out by the city more than the contract price. (8) That, as to contract No. 38, the contractors were paid $267.75 for labor performed by them, and that the city afterwards completed said contract, and necessarily expended $39,884.64 in so doing, and that the total amount paid out by the city was $3,082.38 more than the contract price. (9) That on the 24th of September, 1890, the Forrestal Brothers assigned by instrument in writing all their credits of every nature and assets in the county of Douglas, Wisconsin,

to the Bank of West Superior, and gave said bank an order upon the comptroller of the city for all money due or to become due them upon said contracts, but that the board of public works of the city never consented, in writing or otherwise, to said assignment. (10) That the Bank of West Superior made no claim, and did not inform the city of the fact that it had any claim, against it until September 12,. 1896. (11) That on the 25th of September, 1890, the Forrestal Brothers abandoned all of their said contracts, without fault on the part of the city, and that the city then went. on and completed the same. (12) That the liquidated damages for failure to complete said contracts within the time stipulated therein amounted to $3,350, no part of which has. been paid. (13) That the aggregate amount expended by the city in completing said contracts over and above the contract price, together with the liquidated damages aforesaid, is $15,449.27, and that the said sum is a proper offset against the amounts due the contractors for work actually done, and exceeds such amount.

Upon these findings, judgment was ordered dismissing the complaint. A paper is returned with the record purporting to contain exceptions by the plaintiff to certain of the findings, but the same are not incorporated in the bill of exceptions. Judgment was rendered for the defendant, and the plaintiff appeals.

*George P. Knowles*, for the appellant, contended, *inter alia*, that the only damages recoverable under the contract were the liquidated damages specified therein. Hale, Damages,. 123–126; *Welch v. McDonald*, 85 Va. 500; *Hathaway v. Lynn*,. 75 Wis. 186; *Pettis v. Bloomer*, 21 How. Pr. 317; *Hall v.. Crowley*, 5 Allen, 304; *Sanford v. First Nat. Bank*, 94 Iowa,. 680; *Kemp v. Knickerbocker I. Co.* 69 N. Y. 45.

For the respondent there was a brief by *Archibald McKay* and *Geo. B. Hudnall*, and oral argument by *Mr. Hudnall*.

WINSLOW, J.   In order to entitle this court to review findings of fact of the trial court, it is absolutely essential that exceptions thereto be incorporated in the bill of exceptions. This proposition has been so frequently announced that it seems like an affectation of learning to cite authorities. Stats. 1898, sec. 2870; *Cramer v. Hanaford*, 53 Wis. 85; *Lederer v. Estate of Kohn*, 100 Wis. 662.   Nor will a paper purporting to contain exceptions, filed with the clerk and returned with the record but not incorporated in the bill, answer the purpose. *Newton v. Williams*, 94 Wis. 222.   In the present case there is such a paper returned with the record, but it is not inserted in the bill, nor was it identified in any manner so that it can be said to have been incorporated therein.   The only reference contained in the bill to any exceptions to the findings is the following recital immediately preceding the certificate: "The court thereupon filed its findings and conclusions of law, to which findings and conclusions of law the plaintiff has filed his several exceptions, which are made part of the record, and rendered judgment in favor of the defendant for its costs and disbursements."   This recital is plainly insufficient. It does not purport to make such exceptions part of the bill, nor does it even attach or describe them so that they can be with any certainty identified.

The only question presented, therefore, is whether the pleadings and findings sustain the judgment.   It cannot be doubted that they do sustain it.   The Forrestals contracted to construct certain city improvements for certain sums, payments to be made on estimates as the work progressed; the work to be completed at specified dates, liquidated damages at so much per day to be paid in case of noncompletion at the specified time; the board of public works having the right, in case the work was not prosecuted with diligence, to relet the same to other parties, or employ men and purchase material, and complete the same, and

charge the cost to the contractors. After prosecuting the work for a time, and receiving certain payments on estimates, they abandoned their contracts, certain sums being still owing them for work actually done. The board of public works completed the work partly by men in their employ and partly by contract, and in so doing necessarily expended certain sums in excess of the contract prices, the aggregate of which sums was greater than the sums still due the Forrestals for the work actually done by them. Under the contracts these sums, as well as the amounts of liquidated damages for the noncompletion of the work in the stipulated time, were proper offsets to the claims of the Forrestals. Soon after the abandonment of the work, the Forrestals assigned their claims against the city to the Bank of West Superior, but no notice of such assignment was given to the city until September, 1896, when its offsets had accrued. These facts are not open to dispute, and they demonstrate the correctness of the judgment.

*By the Court.*— Judgment affirmed.