DICKEY, Appellant, vs. PUGH, Respondent.

*April 13 — April 30, 1901.*

*Appeal: Findings of fact, when reviewed: Specific performance: Tender of performance.*

1. The supreme court will not review findings of fact, in the absence of exceptions to the findings incorporated in the bill of exceptions.
2. In an action for specific performance, a finding that there has been no tender of performance, and that it did not appear that plaintiff was able, ready, or willing to perform the contract if given an opportunity so to do, is sufficient to justify a judgment dismissing the action.

APPEAL from a judgment of the circuit court for Racine county: JOHN GOODLAND, Judge. *Affirmed.*

The plaintiff seeks to secure the specific performance of a parol contract, partially performed, for the conveyance of certain property described in the complaint. The findings show that the A. P. Dickey Manufacturing Company was the owner of the property in 1898. The assignee sold the property to defendant for $3,183.32, subject to a mortgage for $10,500, upon which there was back interest amounting to $673. Defendant took up the old mortgage and executed a new one, paid the back interest, and entered into possession. Plaintiff desired to purchase the property, and entered into negotiations with defendant which resulted in a written contract being drawn, but which was never signed by either of the parties. By its terms defendant was to be paid all sums he had paid, together with an account he had against the corporation aforesaid, and was to be relieved from all personal liability on account of running the business and on account of the mortgage mentioned. The plant was to be conducted by plaintiff on a salary, and defendant was to have full control of the property, and the money was to be paid and defendant's release secured by February 1,

1900. Up to that time defendant was willing to carry out the agreement. Plaintiff failed to make the payment, and the court finds he has made no tender or offer of payment, and that it does not appear that he is able, ready, or willing to perform. Thereafter defendant notified plaintiff he had made other arrangements regarding the business. The court concluded that plaintiff was not entitled to relief, and that his complaint was without equity. Judgment was directed for defendant. No exceptions to the findings are preserved in the bill of exceptions. The plaintiff brings this appeal from the judgment dismissing the action with costs.

*Wallace Ingalls,* for the appellant.

For the respondent there was a brief by *Palmer & Gittings,* attorneys, and *Thomas M. Kearney,* of counsel, and oral argument by *Mr. W. S. Palmer* and *Mr. Kearney.*

BARDEEN, J. There being no exceptions to the findings incorporated in the bill of exceptions, this court will not review the correctness of the court's conclusions upon the facts involved. The exact question was covered by the recent case of *Nichols v. Superior,* 109 Wis. 643, and nothing further need be said. The pleadings and findings amply sustain the judgment. Waiving the question of the contract being sufficiently performed to entitle the plaintiff to relief, the finding that there has been no tender of performance, and that it did not appear that plaintiff was able, ready, or willing to perform the contract if given an opportunity, would be sufficient to justify the judgment entered.

*By the Court.*— The judgment is affirmed.