BEASER, Appellant, vs. BARBER ASPHALT PAVING COMPANY and another, Respondents.

*February 3—February 23, 1904.*

*Municipal corporations: Special assessments for street improvements: Validity: Equity: Remedies.*

Where a city has general power to cause streets to be improved at the expense of a private owner, and the amount assessed is not more than his proper share of the reasonable cost of such improvement, if from irregular exercise of that power, or other

cause, not affecting adversely the burden imposed on him, the imposition be illegal or invalid, the private owner must find his remedy under the strict rules of courts of law, and a court of equity will, in the exercise of its discretion, refuse him its peculiar forms of relief.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

Action by lot owner against the city and its officers and the *Barber Asphalt Paving Company* to declare void claims of the latter against plaintiff's property under either special assessment certificates or special improvement bonds for paving, and to enjoin the city from issuing either certificates or bonds. The material facts found are that on June 30, 1902, the city entered into contract with the paving company to asphalt the main street of Ashland; such work to be mainly paid for by special assessment, not exceeding benefits to the abutting lots, but part by the city, to the extent of some $8,800. At the time of the contract the city was indebted beyond the five per cent. limit, but had in its street improvement fund about $11,000; such fund being the one from which such expenses as the contract called for were customarily paid. The work was completed about October 18, 1902, and formally accepted November 10, 1902, and the defendant city paid the amount of money due from it, and the special assessment certificates were issued against the property, including that of plaintiff, all prior to the commencement of this action. The plaintiff had full knowledge of the condition of the street before the proceedings by the city government to cause paving to be done by special assessment, of the letting of the contract to the company, and of the doing of the work from day to day by the company. He consulted counsel with reference to an action to prevent the levy of assessments or issue of certificates, but was advised by the attorney to wait until the work was completed, and, upon such advice, remained quiet, and gave no notice of any ob-

jections.   The company is a foreign corporation, having its
principal place of business at Chicago, Illinois, engaged in
the business of asphalt paving, and had not at any time prior
to October 30, 1902, complied with the requirements of sec.
1770*b*, Stats. 1898; being in ignorance of such requirement
until about October 18, 1902, after the work had been com-
pleted.   Judgment was entered dismissing the complaint,
from which the plaintiff appeals.

For the appellant there was a brief by *Tomkins, Tomkins
& Garvin,* and oral argument by *W. M. Tomkins.*

For the respondents there was a brief by *George F. Mer-
rill,* attorney, and *Hoyt, Doe, Umbreit & Olwell,* of counsel,
and oral argument by *Frank M. Hoyt.*

DODGE, J.   The judicial policy of this state has now be-
come thoroughly settled that courts of equity will not lend
their aid to shield from payment or from the burden of cer-
tificates of special assessments for public improvements when
the municipality or other governmental representative had
general power to cause such improvements to be made at the
expense of the private owner, and the amount assessed is not
more than his proper share of the reasonable cost of such im-
provement; that if, from irregular exercise of that power,
or other cause, not affecting adversely the burden imposed
on him, the imposition be illegal or invalid, he must find his
remedy under the strict rules of courts of law.   The reason
upon which this policy rests is that such a person will not
suffer an unlawful burden from the equitable viewpoint, even
if he pays what is assessed upon him; hence that courts of
equity, although vested with full power, will, in the exercise
of their discretion, refuse him their peculiar forms of relief.
*Knapp v. Heller,* 32 Wis. 467 ; *Cook v. Racine,* 49 Wis. 243,
246, 5 N. W. 352; *Hixon v. Oneida Co.* 82 Wis. 515, 531,
52 N. W. 445 ; *State ex rel. Schintgen v. La Crosse,* 101 Wis.
208, 214, 77 N. W. 167; *State ex rel. Hallauer v. Gosnell,*

116 Wis. 606, 93 N. W. 542. The plaintiff here seems to fall completely within the above-described predicament. The city had full power under its charter to cause the streets in front of plaintiff's premises to be improved as they were at the expense of the premises, to the extent of benefits conferred. Due jurisdiction was acquired. The amount assessed was ascertained by proper statutory tribunal to be plaintiff's due proportion of the cost of the improvement, and not more than the special benefit to his premises, and the facts so ascertained are not questioned. The work has been done at much expense to some one, and the benefit has been received by the plaintiff. In this situation, under the authorities above cited, he will suffer nothing of inequity if he be compelled to pay the sum assessed, which, as already stated, is not more than "the just measure of the labor and material required" for the improvement. *Gleason v. Waukesha Co.* 103 Wis. 225, 233, 79 N. W. 249.

The only objection raised to even the strict legal validity of this charge is that the contract between the city and the paving company was void because the city thereby became indebted, when its debt limit was already exceeded, and because declared void by. sec. 1770b, Stats. 1898; the paving company being a foreign corporation, and not having complied with that statute. If, however, such invalidity of the contract be conceded, that does not vary the equitable situation. However complete a nullity the contract, the work has been done, and the benefit conferred on plaintiff, who therefore is in no situation to ask a court of equity to shield him from paying the reasonable cost thereof. Especially immaterial is the invalidity of the contract, predicated upon sec. 1770b. That section only renders the contract void on behalf of the foreign corporation, leaving the obligation thereof as against it unimpaired, so that at every moment after the contract was executed the paving company was bound and compellable to carry it out as fully as if no such statute ex-

isted. *Ashland L. Co. v. Detroit S. Co.* 114 Wis. 66, 89 N. W. 904. Plaintiff therefore was at all times as perfectly assured of the performance of the work, and of the benefits to result therefrom, as if the contract were entirely valid, and in no different situation in any respect because of the failure to comply with sec. 1770*b*.

For the reasons stated, we are satisfied that the trial court correctly dismissed the complaint, and need not consider certain other grounds on which it is claimed the judgment may also be supported.

*By the Court.*—Judgment affirmed.