CITY OF SHAWANO, Appellant, vs. CAYOUETTE and others, Respondents.

*November 27—December 13, 1907.*

*Appeal and error: Record: Exceptions: Manner of taking.*

1. Written exceptions to findings are necessary to entitle a party to a review on appeal of the evidence on the issues covered by the court's findings, and must be filed with the clerk as provided by sec. 2870, Stats. (1898).

2. In an action tried by the court it appeared from the record that appellant proposed certain findings; that some of the court's findings covered the proposed findings and were in effect as requested; that others were adverse to those proposed; while some of the proposed findings were not embraced in those of the court. *Held,* that an indorsement on the proposed find-

ings: "Findings proposed by plaintiff. Refused. To which re-
fusal plaintiff duly excepted," even if it could be treated as an
exception to the findings of the court in conflict therewith, was
too general to be available on appeal.

**3.** The function of an exception is to point out specifically to the
trial court some particular matter as erroneous, and this can-
not be accomplished by requesting a finding which merely nega-
tives the finding of the court.

APPEAL from a judgment of the circuit court for Shaw-
ano county: JOHN GOODLAND, Circuit Judge.  *Affirmed.*

This is an action in equity commenced by the city of
*Shawano* to compel defendants to remove an incumbrance
from one of the public streets of the city.  The complaint
alleges the incorporation of the city, that the common council
took proper steps to institute proceedings for the removal of
the encroachment complained of in this action, and that the
defendants, as tenants and owners of the lot in question,
abutting on Andrews street, one of the public streets of the
city, maintained a woodshed thereon which it is alleged en-
croached upon such street.  The answer denied the encroach-
ment and other allegations of the complaint.  The evidence
adduced upon the trial respecting the issue of whether or not
the woodshed encroached upon the street was conflicting and
contradictory.  The court found that the woodshed did not
encroach upon the public street as laid out and maintained
by the city.  Other findings of fact covering the allegations
of the complaint and the issues were made, but need not be
repeated for the purposes of this appeal.  Judgment was
awarded dismissing the complaint and for costs.  No writ-
ten exceptions to the findings of fact were filed with the clerk
in conformity with sec. 2870, Stats. (1898).  The plaintiff
requested the court to make findings of fact as proposed in
written findings submitted to the court.  This the court re-
fused to do, and to such refusal plaintiff took exception, in-
dorsed upon the proposed findings, in form as follows:
"Findings proposed by plaintiff. Refused. To which re-

fusal plaintiff duly excepted." The findings proposed by plaintiff cover many facts at issue in the case; among them the fact that the woodshed of the defendants did in fact encroach upon the limits of Andrews street. This is an appeal from the judgment dismissing the complaint.

*P. J. Winter,* city attorney, for the appellant.

For the respondents there was a brief by *Eberlein & Eberlein,* and oral argument by *M. G. Eberlein.*

SIEBECKER, J. 'Appellant's attack upon the findings of fact of the trial court is particularly directed to the finding that the encroachment upon the public street, as alleged and specified in the complaint, was not supported by the evidence. The bill of exceptions in the case does not contain any written exception to the findings made by the court. That exceptions to findings are necessary under the statute to a review on appeal of the evidence on the issues covered by the court's findings is clearly established by the decisions of this court. Secs. 2870, 2875, Stats. (1898); *Treloar v. Osborne,* 98 Wis. 461, 74 N. W. 99; *Evenson v. Bates,* 58 Wis. 24, 15 N. W. 837; *Lederer v. Estate of Kohn,* 100 Wis. 662, 76 N. W. 604; *Nichols v. Superior,* 109 Wis. 643, 85 N. W. 428.

The argument is made that this requirement is met by the exception taken to the refusal of the court to find the facts as appellant requested. As appears in the foregoing statement, appellant's exception to such refusal is a general one to the refusal to make a long list of findings. Some of the court's findings cover the proposed findings and are in effect as requested. Others are adverse to those proposed, while some of the proposed findings are not embraced in the court's findings. If an exception to a refusal to find as requested could be treated as an exception to the findings of the court in conflict therewith, yet this exception is too general to be available on appeal. *Taft v. Kessel,* 16 Wis. 273; *Bailey*

*v. Costello,* 94 Wis. 87, 68 N. W. 663.    But we do not per-
ceive how an exception to a refusal to find as requested can
be deemed an exception to a finding as made by the court,
even though the requested finding is on the issue embraced in
the finding actually made by the court.    The function of an
exception is to point out specifically to the trial court some
particular matter as erroneous, and this cannot be accom-
plished by requesting a finding which merely negatives the
finding of the court.    To hold the exception to the refusal
of such a requested finding a sufficient specification of
error in courts' findings would necessarily hide the exception
in uncertainty and confusion.    Such an exception would
fail to point out the errors complained of with sufficient par-
ticularity.    We deem the statutes and decisions on this
question conclusive and to be to the effect that, to entitle a
party to a review on appeal of the evidence, written excep-
tions must be filed with the clerk, as provided by sec. 2870,
Stats. (1898).

Under these circumstances the only question for consider-
ation is, Do the pleadings and findings of the court support
the judgment?    We find nothing in the record that raises
any question of the correctness of the judgment awarded
upon the pleadings and the findings of the court, and it must
stand.

*By the Court.*—Judgment affirmed.