LISBON AVENUE LAND COMPANY, Respondent, vs. TOWN OF LAKE, imp., Appellant.

*November 26, 1907—February 18, 1908.*

*Constitutional law: Due process of law: Municipal corporations: Assessments for sidewalks: Notice to property owners: Police powers: Nonresidents: Appeal and error: Review: Questions considered: Exceptions: Bill of exceptions: Governing bodies of municipal corporations: Power to order public improvements: Delegation of powers: Proceedings of municipal board: Necessity of meeting: Reassessment for local improvements.*

1. Sec. 1346a, Stats. (Supp. 1906; Laws of 1901, ch. 278), providing for the repair of sidewalks in towns, is not unconstitutional in that no sufficient notice is required to be given the property owner, and hence provides for taking property without due process of law, since, as regards sidewalk assessments, provision for notice to the property owner before construction or repair is not essential to the validity of the law.

2. In the enforced construction or repair of sidewalks the act of the municipality is an exercise of the police power, and the right to charge the expense against the property does not depend upon, nor is it limited by, the conferring of benefit upon the property.

[3. Whether under sec. 1346a, Stats. (Supp. 1906; Laws of 1901, ch. 278), a sidewalk built by a *nonresident* can be repaired by the town at the expense of the property, questioned, but not decided.]

4. Where, in an action in equity, the record returned on appeal contains written exceptions to findings of fact, but none of these exceptions are preserved in the bill of exceptions, the only question ordinarily presented is whether the pleadings and findings sustain the judgment.

5. In such situation of the record, where there is direct conflict in the several findings, the supreme court, instead of sending the case back for a new trial, examined the evidence and adopted those findings supported by the preponderance of the evidence.

6. Where a municipal board possesses the power to determine the necessity of a public improvement, as sidewalks, and to order it to be done at the expense of adjoining property, it is essential to the validity of the proceedings that such determination and order be made by the board itself. Such power cannot be delegated to others.

7. While mere irregularities in the proceedings subsequent to an order following the determination by a municipal body that a public improvement is necessary, not affecting the substantial justice of a tax therefor, are insufficient to move a court of equity to interfere, yet the initial determination by such body of the necessity is jurisdictional and vital.

8. A deliberative board acts only at a meeting either regular or special held pursuant to law.

9. In an action to restrain the enforcement of a tax attempted to be levied against property in the defendant town (not situated within any city or village) for repair of sidewalks under an alleged compliance with sec. 1346a, Stats. (Supp. 1906; Laws of 1901, ch. 278), the evidence, stated in the opinion, is *held* to show that the town board failed to make any determination or order specifying what sidewalks should be built or repaired, but on the contrary that the contractor himself made such determination.

10. In such case a judgment enjoining the enforcement of such tax is affirmed.

11. In the absence of a reassessment law a court of equity will not compel a property owner to pay an assessment for a local improvement the necessity of which has never been determined by the municipal board to which the law has committed such determination, but such determination has been made only by a contractor.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

This is an action in equity to set aside and enjoin the col-

lection of special assessments against forty-four lots owned by the plaintiff in a platted subdivision called Morgandale in the town of *Lake,* Milwaukee county, which assessments were attempted to be levied by the town to pay the expense of rebuilding and repairing sidewalks in front of said lots. The action was originally brought against the county of Milwaukee, its treasurer, the town of *Lake,* and one Ollmann, the contractor who repaired the walk and for whose benefit the assessments were to be collected. The circuit court set aside the assessments and perpetually enjoined their collection, from which judgment the town of *Lake* appeals.

The sidewalks were attempted to be repaired and the assessments levied under the provisions of sec. 1346*a,* Stats. (Supp. 1906; Laws of 1901, ch. 278), and the plaintiff claimed that the proceedings were invalid because (1) the town board took no view of the premises and held no legal meetings at which the work was ordered and the contract let; (2) that the public convenience or safety did not require the work; (3) that the contract price was exorbitant and unjust; (4) that the town board fraudulently conspired with the contractor; and (5) that no notice to the owner was served or posted as required by the section named prior to the doing of the work. The allegations of the complaint were, in substance, denied by the answer, and it was alleged that the material requirements of the statute had been complied with. The court, after trial of the action, found: (1) That the plaintiff was the owner of the lots in question and that they were not within any city or village; (2) that the grantors of the plaintiff in 1892 laid out a tract of land including said lots into lots, blocks, streets, and alleys, recorded the plat, and laid wooden sidewalks in front of the lots in order to induce purchasers to buy, and sold a number of lots; that the town board had never formally accepted the plat or declared the streets thereon public highways, but that a number of such streets had for ten years been recognized by the town

officers as highways, and that such officers had assumed control of them, and that they were much traveled by the public; (3) that in the year 1902 the town board ordered said sidewalks in front of the lots described in the complaint to be taken up and relaid and caused the expense thereof to be charged to the lots and included in the tax roll, and made a contract therefor with the defendant Ollmann, who did the work of repairing the walks under the direction of the town board; (4) that during the year 1901 the sidewalks in question became out of repair in many places and the plaintiff neglected to repair the same; (5) that the town board claimed to have acted under the provisions of sec. 1346a aforesaid, but that said board never held any legal meetings at which any of the proceedings for doing the work were had or the tax levied, and the town records contain no minutes of any proper notice having been given; (6) that no proper notice to the plaintiff, as required by said sec. 1346a, was ever given or posted; (7) that Ollmann's bid for the work was not the lowest bid therefor, but that the contract was awarded to him at the price named by the lowest bidder, and that he commenced with the work November 5, 1902, and continued until completed under a pretended contract with the town board, which contract was void and unauthorized; (8) that the total amount charged and assessed against plaintiff's lots is $460.59; (9) that the amounts assessed against the lots have been placed upon the tax roll and returned as delinquent, and that the county treasurer was about to collect the same by sale of the lots when restrained by the temporary injunctional order herein; (10) that the town board left the determination whether any, and if so what, sidewalks in front of plaintiff's lots needed repairs, to the defendant Ollmann; (11) that plaintiff had no notice or knowledge that such work was required or done until the amounts assessed were placed in the tax roll and sought to be collected; that neither plaintiff nor its grantors were ever residents of the town of *Lake,*

and that the town board neither at the time of awarding the contract, nor at the time of auditing the contractor's claim, had any proof before it that notice requiring the work to be done had been given the plaintiff; (12) that no fraud had been proven. From these facts the court concluded that the assessments should be set aside and their collection restrained without prejudice to the right of the defendant Ollmann to proceed against the town to enforce any claim which he may have upon his contract. Judgment was entered in accordance with these findings.

For the appellant there was a brief by *Boden & Beuscher*, and oral argument by *F. X. Boden*.

*C. A. Koeffler, Jr.,* for the respondent.

The following opinion was filed December 13, 1907:

WINSLOW, J. The work in question was attempted to be ordered and done under the provisions of sec. 1346*a*, Stats. (Supp. 1906; Laws of 1901, ch. 278), which provides, in substance, that any person residing in a town may construct a sidewalk not exceeding certain dimensions upon the line of the highway in front of premises owned or occupied by him, and that whenever the public convenience or safety requires any such sidewalk to be repaired the board of supervisors shall give written notice to the owner if known and residing in the town, and if unknown or not resident in the town shall post written notices in three or more public places in the town, requiring such repairs to be made within three days thereafter, and notifying such owner that unless such repairs are so made the board will repair the same at the expense of the property. The section further provides that in case the owner does not make the repairs the board shall do so, and the cost shall be inserted in the tax roll against the property and collected as other taxes. This law is attacked by the respondent as unconstitutional, because it is said that no sufficient notice is provided for to the property owner, and

hence that it provides for the taking of property without
due process of law, and reliance is placed upon *Dietz v. Nee-
nah,* 91 Wis. 422, 64 N. W. 299, 65 N. W. 500. Just how
far this case is to be regarded as authority, in view of later
decisions of this court, may be doubtful. *Gleason v. Wau-
kesha Co.* 103 Wis. 225, 79 N. W. 249; *Roter v. Superior,*
115 Wis. 243, 91 N. W. 651; *Stone v. Little Yellow. D.
Dist.* 118 Wis. 388, 95 N. W. 405. It is quite certain, how-
ever, that, so far as sidewalk assessments are concerned, it
has been distinctly held that a provision for notice to the
property owner before the construction or repair of the side-
walk is not essential to the validity of the law. *Hennessy v.
Douglas Co.* 99 Wis. 129, 74 N. W. 983. The principle is
that the absence of a sidewalk or the presence of a defective
sidewalk may be a serious public inconvenience, if not a
menace to life and limb, and that a municipality may be
clothed with power to build a walk or repair an existing walk
at once without notice, and charge the expense to the prop-
erty. In such case the act of the municipality is really an
exercise of the police power, and the right to charge the ex-
pense against the property does not depend upon, nor is it
limited by, the conferring of benefit upon the property. We
conclude, therefore, that the law is constitutional. The law
in question was evidently enacted for the purpose of making
it lawful for *residents* of country towns to build sidewalks in
the highway in front of their premises subject to certain re-
strictions as to material and width, and to clothe the town
authorities with power to see that *such* sidewalks are kept in
a proper and safe state of repair. It is worthy of remark, in
passing, that neither the builder nor the present owner of the
sidewalks in question here was ever a resident of the town,
and there may be a serious question whether under the law a
sidewalk built by a *nonresident* of the town can be repaired
by the town at the expense of the property. This question,
however, has not been raised or discussed in the case, and in

the view we have taken of the merits we find it unnecessary to discuss it.

While there appear in the record returned to this court written exceptions to certain of the findings of fact both on the part of appellant and of respondent, none of these exceptions have been preserved in the bill of exceptions, and hence the only question would ordinarily be whether the pleadings and findings sustain the judgment. *Newton v. Williams,* 94 Wis. 222, 68 N. W. 990; *Dickey v. Pugh,* 110 Wis. 400, 85 N. W. 963. Here, however, we meet with a serious difficulty, in this, that certain of the findings covering material and controlling facts directly contradict each other. The third finding of fact is to the effect that in the year 1902 the town board ordered said sidewalks in front of the lots described in the complaint to be taken up and relaid and caused the expense thereof to be charged to the lots and included in the tax roll, and made a contract therefor with the defendant Ollmann, who did the work under direction of the town board. This finding plainly means that the supervisors, acting as a board in legal meeting, determined and ordered that the very sidewalks in question should be repaired, and that Ollmann did the work under a valid contract with the board for such repair. But the court further found, in direct contradiction to these conclusions, by the fifth finding, that the town board never held any legal meeting at which any of the proceedings for doing the work were had; by the seventh finding, that Ollmann's pretended contract was void and unauthorized; and, by the tenth finding, that the town board left the determination whether any, and if so what, sidewalks in front of plaintiff's lots needed repairs to the defendant Ollmann. Now it is fundamental that when the law confers upon a municipal board the power to determine the necessity of a public improvement of this nature and to order that it be done at the expense of adjoining property, it is essential to the validity of the proceedings that such a determination and order be made by the board itself. The power cannot be dele-

gated to others.   Mere irregularities in the subsequent pro-
ceedings not affecting the substantial justice of the tax will
not suffice to move a court of equity to interfere (*Beaser v.
Barber A. P. Co.* 120 Wis. 599, 98 N. W. 525), but the in-
itial determination of the necessity of the work by the body
to which such determination is committed is deemed to be
jurisdictional and vital.   25 Am. & Eng. Ency. of Law
(2d ed.) 1211.   Therefore the question whether the town
board in fact ordered the sidewalks in question to be repaired,
or whether it left the matter to Ollmann to determine which
if any of them should be repaired, is a question which must
be solved before proceeding to any other question.   The
findings being in conflict on this question, we might perhaps
send the case back to the trial court for determination of this
important question of fact, but we have concluded that in
such a situation we may and should examine the evidence,
and if we find that either finding is supported by a satis-
factory preponderance thereof, that we should adopt that
finding as establishing the fact.   Upon examination of the
evidence it appears that the minute book of the meetings of
the town board for the years 1901, 1902, and 1903 was in-
troduced in evidence, and that it contains the record of a
meeting held by the board August 28, 1901, at which the
board "did order and determine to notify all property owners
having defective sidewalks in the town of *Lake* obstructed by
earth to repair same, and lots owned by nonresidents to post
up written notices in three public places according to law,
and if said sidewalks shall not be repaired after serving of
said notice, then the said board shall let contract to lowest
bidder and tax up the cost against said property."   The rec-
ord of this action appears twice in the bill of exceptions, and
there appears to be an unexplained discrepancy between the
two records.   As first introduced by the plaintiff it reads as
above indicated.   Upon its second introduction by the de-
fendants the words "obstructed by earth" do not appear, but
instead thereof appear the words "district by ordering them;"

but, as this difference is rendered immaterial by the view we take of the effect of the resolution, we shall spend no more time upon it.

This is the only record of any action by the town board which can be claimed to be a determination that any sidewalks shall be repaired, and it is evident that this is no determination. It simply orders and determines that all defective sidewalks shall be repaired. Who is to determine what sidewalks are defective? A sidewalk may be defective in the estimation of one person, but entirely sufficient in the judgment of another. No one can tell from this resolution what specific sidewalk or sidewalks the board considers defective or obstructed by earth, or what sidewalk or sidewalks they propose to order repaired. It fails to rise to the dignity of a determination that the sidewalk in front of any specific lot is defective or must be repaired. It was attempted by the defendant, however, to prove by parol testimony that the members of the board went over the ground in a body with a map, and orally decided what sidewalks should be repaired and marked them on the map, and that they subsequently prepared the notices for posting, and thus that the board in fact made the determination. This, however, was very plainly merely individual or committee action by the supervisors and not action by the board. The statute commits the determination of the matter to the board, not to the supervisors. A deliberative board acts only at a meeting either regular or special held pursuant to law. It is entirely clear from the evidence that these conferences held by the supervisors as they went over the ground or signed the blank notices were not in any sense meetings of the board. The supervisors themselves did not consider them as such. They neither prepared nor voted upon any written resolution, they kept no record, nor did they require the presence of the clerk. It further appears that the contract subsequently made with Ollmann does not specify what particular sidewalks he shall repair. We conclude, therefore, that the evidence does not show that any

determination or order specifying what sidewalks should be rebuilt or repaired was ever passed by the town board. On the other hand, there is considerable evidence to the effect that the contractor, Ollmann, himself determined, as stated in the tenth finding, which particular sidewalks should be repaired, and, in the absence of any proof that the town board made the determination, this latter finding must plainly be accepted as stating the correct conclusion.

This consideration necessitates affirmance of the judgment and relieves us from the consideration of the numerous other contentions which were made in the case. In the absence of a reassessment law, a court of equity will not compel a property owner to pay an assessment for a local improvement the necessity of which has never been determined by the municipal board to which the law commits such determination, but only by a contractor.

*By the Court.*—Judgment affirmed.

CASSODAY, C. J., and BASHFORD, J., took no part.

A motion for a rehearing was denied February 18, 1908.